1  DUANE L. TUCKER (State Bar No. 88199)
Law Offices of Duane L. Tucker
2  27793 Tampa Avenue
Hayward, CA  94544
3  Telephone: (510) 670-0668
Facsimile: (510) 217-3657
4
Attorney for Plaintiff Carl T. Ramos
5

6                          UNITED STATES DISTRICT COURT
                          EASTERN DISTRICT OF CALIFORNIA
7

8                                              )  Case No.:
Carl T. Ramos,                                 )
9                                              )  COMPLAINT FOR DAMAGES AND FOR
                 Plaintiff,                     )  INJUNCTIVE RELIEF AND DEMAND FOR
10                                             )  JURY TRIAL
          and                                   )
11                                             )  1.  TRUTH IN LENDING ACT VIOLATIONS
Citimortgage, Inc.,                            )  2.  FAIR DEBT COLLECTION PRACTICES
12                                             )      ACT VIOLATIONS (State/Federal)
                 Defendant                      )  3.  DAMAGES FOR FRAUD BY
13                                             )      CONCEALMENT
                                               )  4.  VIOLATIONS OF THE FAIR CREDIT
14                                             )      REPORTING ACT
                                               )  5.  VIOLATIONS OF CALIFORNIA
15                                             )      BUSINESS & PROFESSIONS CODE §
                                               )      17200
16                                             )  6.  BREACH OF CONTRACT AND
                                               )      CONTRACT UNCONSCIONABILITY (CA
17                                             )      CIVIL CODE §1670.5)
                                               )  7.  FRAUD AND DECEIT Calif. Civil Code
18                                             )      §1709,§ 1710, § 1572.
                                               )  8.  VIOLATIONS OF BUSINESS AND
19                                             )      PROFESSIONS CODE §17500
                                               )  9.  VIOLATION OF THE CONVENANT OF
20                                             )      GOOD FAITH AND FAIR DEALING
                                               )
21                                             )

22                              **I. INTRODUCTION**
23
1.     This is an action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, et seq.,
24
Bus. & Prof. Code § 17200, et seq., and other statutory and common laws in effect. Plaintiff Carl T.
25

                                      – 1

1   Ramos ("Plaintiff'), brings this action against Citimortgage, Inc. ("CITI"), based, in part, on

2   Defendants failure to disclose the material terms of plaintiff's transaction in a clear and

3   conspicuous manner, provide rescission rights in a lawful manner and disclose the name of the

4   true note holder.  Defendant also created an unfair business practice by agreeing to a loan

5   modification without a prepayment penalty but worded the document in a misleading fashion with a

6   prepayment penalty thereby creating an unconscionable contract.

7   2.      Specifically, defendant failed to provide two copies of the Notice of Right to Cancel to

8   plaintiff in violation of 12 C.F.R. §226.23, Reg. Z §226.4(a)(2)-1 and Reg. Z §226.4(b)(2).

9   3.      Specifically, defendant failed to provide the name, address and telephone number of the

10   note holder in violation of 15 U.S.C § 1641.

11   4.      Specifically, defendant contacted Plaintiff after receipt of his letter in violation of the State

12   and Federal Fair Debt Collection Practices Act.  15 U.S.C. § 1692 et seq. and California Civil Code

13   §§ 1788-1788.32).

14                                    **II. JURISDICTION**

15   5.      Subject Matter Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C.

16   §§ 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. §

17   2201.

18   6.      The Court has supplemental jurisdiction over the Plaintiffs state law claims pursuant to 28

19   U.S.C. § 1367.

20   7.      This Court has personal jurisdiction over the parties in this action by the fact that Defendants

21   are either individuals who reside in this District within California or are corporations duly licensed to

22   do business in California.

23   8.      Venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b) because a

24   substantial part of the events and omissions giving rise to the claims occurred in this district, and

25

1  because there is personal jurisdiction in this district over the named Defendants because it

2  regularly conducts business in this judicial district.

3  ### III. PARTIES

4  9.      The Plaintiff, Carl T. Ramos, is a natural person, (hereinafter referred to as "RAMOS") and

5  was at all times relevant, residing at 7287 Fair Play Way, North Highlands, CA  95660 (the

6  "Subject Property").

7  10.     Plaintiff believes that Defendant Citimortgage, Inc., or at all times relevant to this action was,

8  a domestic corporation, business entity, and/or a "Doing Business As" entity, incorporated in the

9  State of Delaware, with a mailing address of 1000 Technology Drive, O'Fallon MO  63304 and with

10  a registered agent for Service of Process in the State of California as C T Corporation System, 818

11  West Seventh Street, Los Angeles, CA  90017.  The official record of the California Secretary of

12  State's Office reflects that Citimortgage, Inc. has a surrender status (Exhibit "A").  A review of the

13  official records of the Missouri Secretary of State's office shows them in good standing with the

14  State of Missouri (Exhibit "B").

15  11.     Plaintiff believes and thereon alleges that at all times relevant hereto, Citimortgage, Inc., in

16  the ordinary course of business, holds and services loans for consumers located nationwide,

17  including California.  As the servicer of the subject loan, Citimortgage, Inc. has held itself out as the

18  lender when in fact such representation is most likely untrue.

19  ### IV. PRELIMINARY ALLEGATIONS

20  12.     On or about September 15, 2005, Plaintiff entered into a consumer credit transaction

21  (hereafter referred to as "Loan Transaction") with Beneficial California, Inc. in which the extended

22  consumer credit was subject to a finance charge and which was initially payable to Beneficial

23  California, Inc.   A true and correct copy of the Promissory Note and Security Instrument provided

24  to Plaintiff by Beneficial California, Inc. is attached as Exhibit "C".  The loan transaction was in the

25  amount of $270,762.90.

13.     Beneficial California, Inc.  was required to provide Plaintiff certain disclosures pursuant to

the TILA. Under TILA and Reg. Z.

14.     Plaintiffs loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq.,

("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg.Z") as BENEFICIAL

CALIFORNIA, INC. was a "creditor" pursuant to said Act. TILA grants a consumer a three-day right

to cancel certain types of real estate loan transactions. This three-day right to cancel applies to

Plaintiffs loans with BENEFICIAL CALIFORNIA, INC..

15.     Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of

the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information

and rescission forms" required by that section; or (3) delivery of accurate "material disclosures"

required by TILA. 15 U.S.C. § 1635(a).

16.     If the required notice of cancellation are not provided, then the right to cancel extends to

three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind

against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

17.     A consumer may exercise their right to cancel a transaction by delivery of a written

notification of the consumer's wish to cancel the transaction to the creditor's place of business or

upon notice to the assignee of the creditor.

18.     Notice is effective upon mailing and notice on the agent servicing the loan is effective notice

on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

19.     When a consumer rescinds a transaction, the security interest giving rise to the right of

rescission becomes void and the consumer is not liable for any amount, including any finance

charge. 15 U.S.C. § 1635(b).

20.     Within twenty (20) days after the receipt of a consumer's election to cancel the transaction,

the creditor must return to the consumer all money or property given, including all interest and

1   finance charges paid, and shall take all action necessary or appropriate to reflect the termination of

2   any security interest created under the transaction. 15 U.S.C. § 1635(b); 15 C.F.R. § 226.23(d).

3   21.    By a letter dated August 11, 2008 (Exhibit "D" attached and incorporated herein by

4   reference), Plaintiff, notified CITI that he was exercising his rights under the Fair Debt Collections

5   Practices Act § 805 in that they were to terminate all collection calls, requested the identity of the

6   note holders pursuant to 15 U.S.C. § 1641, that he was making a Qualified Written Request under

7   RESPA and pointed out the deficient notice of right to cancel under the Truth In Lending Act but

8   offered to settle the matter by tendering the real property.  Plaintiff gave them until August 25, to

9   respond to his request for settlement

10  22.    On August 27, 2008, Mortgage Litigation Consultants responded to Mr. Andrew Long of

11  Citimortgage (attached as Exhibit "E") that his several communications in the form of phone calls

12  with Plaintiff were in violation of the Fair Debt Collection Practices Act.

13  23.    On August 29, 2008, Plaintiff received a letter (attached as Exhibit "F") acknowledging the

14  August 11, 2008 letter stating they were still researching the matter.

15  24.    After the August 25, 2008, deadline, when Plaintiff heard nothing from CITI except collection

16  calls in violation of the Fair Debt Collection Practices Act, he retained legal counsel.

17  25.    BENEFICIAL CALIFORNIA, INC. was required to provide Plaintiff with two copies each of a

18  completed Notice of Right to Cancel for the loan provided.

19  26.    BENEFICIAL CALIFORNIA, INC. violated TILA by failing to provide Plaintiff with two copies

20  of their Notice of Right to Cancel on each loan.  In fact no notices were ever provided.

21              **FIRST CAUSE OF ACTION FOR TRUTH IN LENDING ACT**
                **VIOLATIONS AGAINST DEFENDANT**
22              **(Violations of Truth in Lending Laws - 15 U.S.C. §1601, et. seq.)**

23  27.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

24  28.    15 U.S.C. § 1601, et seq., is the Federal Truth in Lending Act ("TILA"). The Federal Reserve

25  Board of Governors implements the Federal Truth in Lending Act through Regulation Z (1C.F.R. §

1   2) and its Official Staff Commentary. Compliance by lenders with Regulation Z became mandatory

2   October 1, 1982. Likewise, Official Staff Commentary issued by the Federal Reserve Board is also

3   binding on all creditors.

4   29.    The purpose of TILA is to protect consumers. This is stated in 12 C.F.R. § 226.1, which

5   reads:

6   *§ 226.Authority, purpose, coverage, organization, enforcement and liability... (b) Purpose. The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and costs. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling.*

7

8

9   30.    Reg. Z also mandates very specific disclosure requirements regarding home loans with

10  which creditors, including Defendant, must comply:

11  *§ 226.17. General disclosure requirements. (a) Form of disclosures. (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related to the disclosures required under § 226.18.*

12

13

14  31.    The purpose of the TILA is to assure a meaningful disclosure of credit terms so that the

15  borrowers will be able to compare more readily the various credit terms available to them and

16  avoid the uninformed use of credit and to protect the consumer against inaccurate and unfair credit

17  billing practices.

18  32.    CITI failed to comply with Plaintiff's request for the name, address and telephone number of

19  the true note holder as requested in the Plaintiff's August 11, 2008 (Exhibit D) letter pursuant to 15

20  U.S.C. § 1641.

21  33.    CITI has held itself out as the note holder and keeping the identity of the true note holder

22  from Plaintiff  which Plaintiff believes is a fraudulent act as they are making an intentional

23  misrepresentation and actively concealing known the fact:

24       a.   CITI is required to disclose said information pursuant to 15 U.S.C. § 1641.

25

b.   CITI was not the true noteholder at the time requested and recklessly claimed it was knowing it was not true.

c.   CITI knew that Plaintiff would rely on said statements as fact thereby believing any remedy they proposed was done so by the true note holder.

d.   Plaintiff was not aware that said representation was false.

e.   Plaintiff has been harmed in that he has had to bring this action to enforce his rights and will continue to be harmed until they can obtain the true owner of the note through discovery.

34.   CITI's loan to plaintiff violates TILA because BENEFICIAL CALIFORNIA, INC. failed to provide the Plaintiff the required two copies of the Notice of Right to Cancel for each loan with the accurate information as required by the statute.

35.   As a result of the failure to provide accurate and true copies of the Notice of Right to Cancel for the Loan Transaction, Plaintiff is entitled to the extended three year right to rescind the Loan Transaction.

36.   Plaintiff alleges that the improper providing of rescission forms is a prevalent problem in the lending industry, known by both Defendants CITI and BENEFICIAL CALIFORNIA, INC., of which they willfully fail to put in place proper controls to ensure their obligations under the Truth In Lending Act, i.e. providing rescission rights and notices, is met by the agents they employ.

37.   Plaintiffs extended right to rescind on the first deed of trust was in effect on August 11, 2008 when Plaintiff validly rescinded the transaction by sending to CITI the demand for rescission as alleged herein  (Exhibit D).

38.   CITI's failure to rescind the loan and take the action necessary and appropriate to reflect the termination of both of the security interests within 20 days after Plaintiffs rescission of the transaction violates 15 U.S.C. § 1635(b), 15 U.S.C. § 1635(g) and 15 U.S.C. § 1640, and entitles

1   Plaintiffs to actual damages, statutory damages, attorney's fees, costs, and orders enforcing their

2   rescission of the transaction.

3   39.    Plaintiff offered to tender funds by tendering their reasonable value (¶ 21), in the form of

4   returning the real property.

5   40.    Plaintiff requests the court exercise its equitable powers pursuant to 15 U.S.C. § 1635(b)

6   and allow Plaintiff to return the real property to CITI.

7          a.    This relief is more favorable to CITI in that they can avoid the cost of a Declaratory Relief

8                action which would, after initiating said action, allow them to foreclose on the property,

9                incur even more costs and time only to receive the real property at much greater

10               expense at the end of a foreclosure process.

11

**SECOND CAUSE OF ACTION FOR FAIR DEBT COLLECTION PRACTICES ACT**
**VIOLATIONS AGAINST DEFENDANT**
12 **(Violations of Fair Debt Collection Practices Act**
**(FDCPA), 15 U.S.C. § 1692 et. seq.**
13 **Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32)**
14

15

16  41.    Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et. seq. applies to debt

    collectors who collect debts on behalf of others.
17

18  42.    Defendant CITI is a debt collector under the FDCPA as they did not originate the loan and

    are currently servicing the loan on behalf of an unknown investor.  See § 803(6) of 15 U.S.C. §
19
    1692.
20

    43.    Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code §§ 1788 -
21
    1788.32 extends the debt collector activity to creditors and more broadly against persons or
22
    entities who are collecting debts of another.
23

    44.    FDCPA does not preempt State law except as to those sections which are inconsistent and
24
    the Federal statute specifically states that greater protection is not considered inconsistent. See §
25
    816(6) of 15 U.S.C. § 1692.

45.     The Rosenthal Fair Debt Collection Practices Act in § 1788.17 requires that all debt

collectors, as defined under § 1788.2(c), must comply with the provisions of 15 U.S.C. §1692b -

§1692j and subject to the remedies of 15 U.S.C. § 1692k.

46.     Defendant CITI received the Plaintiffs letter dated August 11, 2008 (Exhibit "D" and

incorporated herein by reference) sometime before they acknowledged receipt on August 22, 2008

(Exhibit "F" and incorporated herein by reference).  Plaintiff's letter stated, in part:

> *"… we are asserting our rights under Section 805 of the Fair Debt Collection Practices Act in that we are advising you that we have no intent on paying on the debt any further and we wish that all communications cease…"*

47.     Despite said notification, Defendant CITI repeatedly called Plaintiff attempting to collect the

debt, even past the date of the letter CITI sent on August 22, 2008 (Exhibit "F" and incorporated

herein by reference).

48.     At each call, Plaintiff informed the caller he has asserted said right, asked that they not call.

Still the calls persisted.

49.     Such violation is a willful disregard for the rights of the Plaintiff and pursuant to 15 USC §

1692k Plaintiff is entitled to actual damages, statutory penalty up to $1,000.00 and actual attorney

fees.

50.     Such violation is a willful disregard for the rights of the Plaintiff and pursuant to California

Civil Code § 1788.30 Plaintiff is entitled to actual damages, statutory penalty of no less than

$100.00 and no more than $1,000.00 and actual attorney fees.

51.     Plaintiff contends that CITI does not have in place reasonable procedures necessary to

avoid such a violation and their acts were therefore willful and they should not be allowed to avoid

said damages and awards by claiming they acts were merely a bona fide error.

### THIRD CAUSE OF ACTION FOR DAMAGES FOR FRAUD BY CONCEALMENT AGAINST DEFENDANT

52.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

53.    CITI is not the owner/beneficiary of the promissory note and security instrument secured by the property in this transaction.  Their correspondences to Plaintiff have fraudulently misled Plaintiff and they are purposely suppressing and concealing the true owner/beneficiary to frustrate the remedies of the Plaintiff.

54.    Plaintiff contends that CITI has not communicated to the true note owner/beneficiary of Plaintiff exercise of their right to cancel and has unilaterally held itself out as the owner/beneficiary which has given the Plaintiff no choice but to file this action which will ultimately lead to the true owner/beneficiary.

55.    Since CITI is required to supply the name, address and telephone number of the true note holder, pursuant to 15 U.S.C. § 1641, the suppression or concealment of this material fact which they are obligated to communicate constitutes fraud.

56.    Plaintiff could not have discovered these intentionally concealed facts by the exercise of ordinary care.

57.    As a proximate cause to said fraud, Petitioner is damaged in that they have been required to file this litigation at great expense and engage in discovery to obtain the information they were required to give by law.

**FOURTH CAUSE OF ACTION FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT
AGAINST DEFENDANT
(15 U.S.C. § 1681 et seq.)**

58.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

59.    According to the Fair Credit Reporting Act, section 623. A key responsibility of furnishers of information to consumer reporting agencies is to provide accurate information. [15 U.S.C. § 1681s-2].

60.    According to the Fair Credit Reporting Act [15 U.S.C. § 1681n], any person who willfully fails to comply with any requirement imposed the statute is liable to that consumer in an amount equal

1   to the sum of any actual damages sustained or damages of not less than $100 and not more than

2   $1,000 the costs of the action together with reasonable attorney's fees as determined by the court.

3   61.    Plaintiff has notified Citi multiple times of incorrect information reported on his credit report.

4   62.    On July 29, 2006, Citi sent a letter to RAMOS correcting his credit report for errors reported,

5   attached as Exhibit "G".

6   63.    As RAMOS has rescinded his loan, disputed the debt under the Fair Debt Collection

7   Practices Act and has made a Qualified Written Request under RESPA, CITI is prohibited from

8   reporting any delinquency pending the resolution of this matter, but they continue to report

9   derogatory information.

10  64.    THEREFORE Plaintiffs request judgment against Defendant for damages of $1,000 plus

11  costs and fees and attorney fees.

12

### FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES
13  ### AGAINST DEFENDANT
   **(Violation of California's Unfair Competition Law,**
14  **Bus. & Prof. Code §17200 et seq.)**

15  65.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

16  66.    The Court has jurisdiction over this action pursuant to Business and Professions Code § §

17  17200 et seq., specifically Business and Professions Code § 17203, which provides any person

18  who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any

19  court of competent jurisdiction; and the court may make such orders or judgments, including the

20  appointment of a receiver, as may be necessary to prevent the use or employment by any person

21  of any practice which constitutes unfair competition, or as may he necessary to restore to any

22  person in interest any money or property, real or personal, which may have been acquired by

23  means of such unfair competition; and Business and Professions Code Section 17204, which

24  provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted

25

1 exclusively in a court of competent jurisdiction by any board, officer, person, corporation or

2 association or by any person acting for the interests of itself, its members or the general public.

3 67.     At all times relevant to this Complaint, CITI was acting as a loan servicer and note holder

4 who is in the business of providing and servicing residential mortgages to the general public and

5 was acting within the scope of that business with regard to the loan transactions provided to

6 Plaintiff.

7 68.     As set forth above under the First through Fourth Causes of Action, CITI violated TILA and

8 the Fair Debt Collection Practices Act.

9 69.     Plaintiff entered into a written loan agreement (Exhibit "C"), with BENEFICIAL CALIFORNIA,

10 INC., in the amount of $270,762.90.  Subsequently, CITI purchased the beneficial interest of said

11 loan, resold it to parties unknown and now services it.

12 70.     During the course of negotiations with Beneficial at the inception of the loan, the prepayment

13 penalty was to be removed.  During those negotiations, the loan was sold to CITI.

14 71.     On August 31, 2006, Citimortgage sent RAMOS a letter, attached as Exhibit H, which

15 agreed to remove the prepayment penalty and again acknowledged their errors related to the

16 credit report.

17 72.     On September 9, 2006, CITI provided a loan modification agreement, attached as Exhibit I,

18 intending to conform to the terms outlined in Exhibit H.

19 73.     On paragraph 10 of Exhibit I, RAMOS believed he had a right to prepay his loan.

20 74.     In December of 2006, RAMOS had in place a refinance at much more favorable terms but

21 CITI demanded a prepayment penalty.  Their demand is attached in Exhibit "J".

22 75.     As a result of their demand, RAMOS lost the opportunity to refinance his loan and has been

23 forced to pay the CITI loan at a much higher rate of interest.

24

25

76.    Property value of the RAMOS property has now dropped to less than half the value of the CITI loan thereby placing RAMOS in a "lose lose" proposition as he cannot refinance, cannot sell and is forced to pay for a higher than market rate loan.

77.    Such "bait and switch" tactic of stating in the letter that the prepayment penalty would be waived, providing a complex legal document that led RAMOS to believe the prepay was waived and then enforcing it at a refinance is an unfair business practice.

78.    RAMOS has diligently attempted to resolve this matter directly with Citimortgage via written correspondence in excess of fifty times with little to no relief.

79.    WHEREFORE, Plaintiff prays for judgment for rescission and relief as more fully set forth below.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANT
### (Breach of Contract and Unconscionability)

80.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

81.    Plaintiff entered into a written loan agreement (Exhibit "C"), with BENEFICIAL CALIFORNIA, INC. (in the amount of $270,762.90).

82.    Exhibit "C" was drafted by BENEFICIAL CALIFORNIA, INC. and could not be modified by Plaintiff.

83.    Exhibit "C" describes the terms and respective obligations applicable to the parties therein.

84.    Exhibit "H" and "I" describe the modifications the parties agreed to.

85.    CITI willfully failed to comply with the terms of the contract and attempted to enforce a prepayment penalty which led to a lost opportunity for RAMOS of a new loan at more favorable terms and damages.

86.    As a result RAMOS is forced by CITI with a loan that is quite unfavorable to him and very favorable to CITI which is unconscionable (California Civil Code § 1670.5) and therefore should be

1  unenforceable and the court should not enforce those provisions that the court deems to be

2  unconscionable or allow rescission.

3  87.    Plaintiff requests that he be allowed to rescind the loan and tender to CITI the real property.

4  88.    Plaintiff requests that he is entitled to declaratory relief, compensatory damage proximately

5  caused by BENEFICIAL CALIFORNIA, INC. breach of contract as alleged herein prejudgment

6  interest, costs of suit and other relief as the Court deems just and proper.

7  **SEVENTH CAUSE OF ACTION AGAINST DEFENDANT**
   **(Fraud and Deceit – California Civil Code §§ 1709, 1710, 1572)**

8  89.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

9  90.    CITI willfully deceived Plaintiff to induce them to alter and cause financial harm to himself for

10  CITI own financial gain by misleading him into believing the loan would have the prepayment

11  penalty removed when in fact it did not.

12  91.    CITI's action caused RAMOS to execute a loan modification agreement (Exhibit I) under

13  CITI's deception that is did not have a prepayment penalty, when it did.

14  92.    If CITI was not going to provide a loan modification without a prepayment penalty, pursuant

15  to Civil Code § 1710, they were duty bound to disclose it clearly when they knew their previous

16  correspondence (Exhibit H) had stated as a fact that they would eliminate the prepayment penalty.

17  93.    This concealment of fact with the intent to deceive and intentional misrepresentation to

18  RAMOS by CITI is asserted to be a violation of Civil Code § 1572.

19  94.    WHEREFORE, Plaintiff is entitled to declaratory relief, compensatory damage proximately

20  caused by Defendants acts of Fraud and Deceit as alleged herein prejudgment interest, costs of

21  suit and other relief as the Court deems just and proper.

22  **EIGHTH CAUSE OF ACTION AGAINST DEFENDANT**
   **(Violation of Business and Professions Code § 17500 et seq.)**

23

24  95.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

25

96.    Business and Professions Code § 17500 makes it unlawful for any person, with intent

directly or indirectly to perform services, professional or otherwise, or anything of any nature

whatsoever or to induce the public to enter into any obligation relating thereto, to make or

disseminate or cause to be made or disseminated before the public in this state which is untrue or

misleading, and which is known, or which by the exercise of reasonable care should be known, to

be untrue or misleading.

97.    BENEFICIAL CALIFORNIA, INC. and CITI made false and misleading statements to Plaintiff

intended to induce him to enter into a contract and loan modification with unconscionable term as

more fully set forth in the fifth through seventh causes of action.

98.    WHEREFORE, Plaintiff is entitled to declaratory relief, compensatory damage proximately

caused by Defendants violation of Business and Professions Code § 17500 et. seq. as alleged

herein prejudgment interest, costs of suit and other relief as the Court deems just and proper.

**NINTH CAUSE OF ACTION AGAINST DEFENDANT**
**(Violation of the Covenant of Good Faith and Fair Dealing)**

99.    In every contract or agreement there is an implied promise of good faith and fair dealing.

This means that each party will not do anything to unfairly interfere with the right of any other party

to receive the benefits of the contract.

100.    RAMOS claims that CITI violated the duty to act fairly and in good faith.

101.    RAMOS and CITI entered into a contract (Exhibit A);

102.    RAMOS did all, or substantially all of the significant things that the contract required him to

do by making the payments under the contract.

103.    That all conditions required for CITI's performance had occurred.

104.    CITI unfairly interfered with RAMOS's right to receive the benefits of the contract as they

claimed a prepayment penalty at a time when they led RAMOS to believe they removed the

prepayment penalty when they did not.

105.   RAMOS was harmed by CITI's conduct in that RAMOS lost his opportunity to refinance at more favorable terms.  Since losing that lost opportunity, the real estate market has collapsed thereby forcing RAMOS to pay substantially above market interest rates to CITI with no ability to get out of the contract on the terms offered in his lost opportunity.

106.   WHEREFORE, Plaintiff is entitled to compensatory damage proximately caused by Defendants violation of the covenant of Good Faith and Fair Dealing in the amount of excessive interest paid from the time of the lost opportunity to date of disposition.

107.   Given the current state of the real estate market, Plaintiff requests that he be relieved of the obligation and surrender the real property to CITI plus the costs of suit and other relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

A. For actual damages according to proof;

B. For compensatory damages as permitted by law;

C. For consequential damages as permitted by law;

D. For statutory damages as permitted by law;

E. For rescission;

F. For equitable relief, including restitution;

G. For restitutionary disgorgement of all profits Defendant obtained as a result of their unfair competition;

H. For interest as permitted by law;

I. For Declaratory Relief;

J. For Injunctive Relief;

K. For reasonable attorneys' fees and costs; and

1   L. For such other relief as is just and proper.

2

3   Dated:  September 18, 2008              By: /s/ Duane L. Tucker
                                            Duane L. Tucker, Attorney for Carl T. Ramos
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25