DUANE L. TUCKER (State Bar No. 88199)
Law Offices of Duane L. Tucker
27793 Tampa Avenue
Hayward, CA  94544
Telephone: (510) 670-0668
Facsimile: (510) 217-3657

Attorney for Plaintiff Carl T. Ramos

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Carl T. Ramos, | ) Case No.: 2:08-CV-02250-WBS-KJM |
| Plaintiff, | ) **OPOSITION TO DEFENDANT** |
| and | ) **CITIMORTGAGE, INC.'S MOTION TO** |
| Citimortgage, Inc., | ) **DISMISS; MOTION FOR A MORE** |
| Defendants | ) **DEFINITIVE STATEMENT** |

Date:        January 5, 2009
Time:        2:00 p.m.
Place:       U.S. District Court
             501 "I" Street, Court 5
             Sacramento, CA

# TABLE OF CONTENTS

I. INTRODUCTION.................................................................................................................5

II. APPLICABLE LEGAL STANDARD.............................................................................7

III. FACTS...............................................................................................................................7

III. LEGAL ARGUMENT.....................................................................................................9

    A. Defendant Claims: The First Cause of Action for Truth In Lending Act ("TILA") Violations Must Fail Because Plaintiff Fails to Allege Facts Which Support a Right to Relief. ..........................................................9

        1.   Plaintiff's Claim Is Not Time Barred.........................................................................9

        2.   Plaintiff's contends that who is owner of the Ramos loan is in dispute and acknowledge that Citimortgage has held itself out as the lender which is completely inconsistent with its SEC filings. ....................................10

        3.   Plaintiff agrees, Citimortgage was not the original creditor. .......................................10

    B. Defendant Claims: The Second Cause of Action for Fair Debt Collection Practices Act Violations Must Be Dismissed Because Plaintiff Has Not Alleged Any Specific Acts or Conduct on Citimortgage's Part Which Would Constitute Violations. ...................................................................11

    C. Defendant Claims: The Third and Seventh  Causes of Action for Fraud and Deceit Must Be Dismissed Because Plaintiff Failed To Allege Fraud with Specificity. ............................................12

    D. Defendant Claims: The Fourth  Cause of Action for Violations of the Fair Credit Reporting Act is Moot Because Citimortgage Has Corrected Its Reporting to the Credit Bureaus. ........................................12

    E. Defendant Claims: The Sixth Cause of Action Based on a Breach of Contract Must Be Dismissed Because Citimortgage was not a Party to and did not Negotiate the Contract at Issue with Plaintiff. ..............................13

    F. Defendant Claims: The Eighth Cause of Action for Violations of Business and Professions Code 17500 Must Be Dismissed Because Plaintiffs Have Not Alleged Specific Acts or Conduct of Citimortgage which would Constitute Violations.......................................................................13

    G. Defendant Claims: The Ninth Cause of Action for Violations of the Covenant of Good Faith and Fair Dealing Must Be Dismissed Because Plaintiffs Have Not Alleged Specific Acts or Conduct of Citimortgage which would Constitute Violations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

H.  Defendant Claims: Plaintiffs Request for Relief of Rescission is Time-Barred Because Plaintiff Did Not File His Complaint Within the Statutory Require Period. ........................................................................................15

I.  Defendant Claims: Plaintiff Has Not Stated a Claim or Basis for Recovery of Attorney Fees. ...........................16

IV. CONCLUSION ................................................................................................................................................17

## **TABLE OF AUTHORITIES**

**Cases**

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)..................................................................8

*Venture Associates Corp. v. Zenith Data Systems Corporation*, 987 F 2d, 429, 431 (7th Cir. 1993) . . . . . . . . . . . . .  8

## **Federal Statutes**

12 C.F.R. § 226.23(a)(2)..................................................................8

15 C.F.R. § 226.23(d) ..................................................................8

15 U.S.C. § 1601 et seq. ..................................................................7

15 U.S.C. § 1602(u) ..................................................................8

15 U.S.C. § 1635 ..................................................................7, 8

15 U.S.C. § 1635(a) ..................................................................7, 8

15 U.S.C. § 1635(b) ..................................................................8

15 U.S.C. § 1635(f) ..................................................................8

15 U.S.C. § 1641(c) ..................................................................8

15 U.S.C. §1641(f)(2)..................................................................6

## **Rules**

Rule 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

# I. INTRODUCTION

Plaintiff Carl T. Ramos brought this action before the court for various violations of State and Federal law.  While defendant Citimortgage, Inc. has attempted to persuade the court that Plaintiffs complaint is "vague, ambiguous and inconsistent", underlying to this matter is the disingenuous and deceptive actions of Citimortgage, Inc.  No question, the current complexities of lending rendered Plaintiff to attempt to secure the best information possible before filing the complaint from Citimortgage themselves and their lack of cooperation to comply with their statutory obligation causes much of what they complain of.

It is common knowledge that the vast majority of loans today are not owned by the institutions that are collecting the payments from consumers and Citimortgage is no different.  Most, if not all of their loans are securitized of which the ownership of the loan is transferred to a master servicer of the security and Citimortgage is merely a loan servicer under a pooling and servicing agreement. This is the most common deception from loan servicers making it very difficult for consumers to get resolution of disputes and exercise their lawful remedies as loan servicers are putting in every impediment in the way to secure this information.

Courts across the country have begun requiring in many jurisdictions that the true "lender" must appear in the court with the original note bearing their name or containing a proper assignment to the original note before granting them the legal standing of being the true owner of the loan.  In this case, Plaintiff asked the right question under  15 U.S.C. § 1641 of the name, address and telephone number of the owner of the obligation and to date, nothing has been received from Citimortgage that has provided that information.

In the end, when the dust settles on this case, Plaintiff will turn over the property to the Defendants either via a rescission, which he believes he is entitled to, or by a foreclosure.  In a good faith effort to minimize the impact to Defendants, Plaintiff started out exercising his rescission with an offer to turn over the security.  This offer would have saved the Defendant substantial sums of

money in the form curtailing foreclosure costs and the time value of money as they would recoup the security faster than the foreclosure statutes would allow.

Instead, in more punishing mood, they ignore the Plaintiff's requests and forced the Plaintiff to file this suit.

We have suspected from the very beginning that Citimortgage, Inc. is not the owner of the contract subject to this matter even though they invoke the responses like the owner. The contract/loan has been securitized and is owned by a "master servicer" on behalf of the investors who invested in a pool of mortgages. Citimortgage, Inc. refuses to tell us who the "master servicer" is. They are required to tell us pursuant to 15 U.S.C. §1641(f)(2). They state in their moving papers they are the lender but they have not provided the factual evidence to support this claim by presenting in their motion papers copies of any documents that show they are the true owners or a "Pooling and Servicing Agreement" which would clear this up.  However, we believe, if they tell the Plaintiff who the "master servicer" is and we name them as a defendant; the "master servicer" will demand Citimortgage, Inc. to purchase the loan at an even greater loss.

We believe the original note and related documents are being held by a trustee.  We have asked for who holds the original note but Citimortgage, Inc. is not telling us that too.  This throws into question who has the legal standing on the defense side of this case.  No question, Plaintiff will be required to amend the complaint as soon as Plaintiff can get Citimortgage, Inc. to comply with their legal obligations, which they should have done pursuant to 15 U.S.C. 1641(f)(2) without Plaintiff filing a case,  but will become necessary to obtain in discovery after we get past this delay tactic.

We believe that the Court should look at all of this deception on the part of Citimortgage, Inc. by keeping the Plaintiff from the real parties in interest and flat out deny their motion for their unreasonable and completely unnecessary delay in providing the legitimate information related to who owns the underlying note for the Plaintiffs transaction.  All of this game playing by

Citimortgage, Inc. is highly prejudicial to Plaintiff and is frustrating the goals of justice and efficiency.  Ultimately, after some discovery has been initiated, the facts obtained may warrant summary judgment on one or more causes of action in this case.  Truth said, Defendant is the keeper of the keys of the information in this case and they do not want this court and the Plaintiff to see what is behind the door locked by those keys.  We believe the Motion to Dismiss is premature.

## II. APPLICABLE LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint, and is not a mechanism to decide the merits.  Defendants Citimortgage, Inc. bears a high burden, and the complaint should not be dismissed unless it appears beyond a doubt that the Plaintiff can prove no set of facts which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The Court must construe the complaint in the light most favorable to the Plaintiff.  The court is limited to the complaint, attached documents, and documents referred to in the complaint.  *Venture Associates Corp. v. Zenith Data Systems Corporation*, 987 F 2d, 429, 431 (7th Cir. 1993).

## III. FACTS

On or about September 15, 2005, Plaintiff entered into a consumer credit transaction (hereafter sometimes referred to as "Loan Transaction") with Citimortgage, Inc. in which the extended consumer credit was subject to a finance charge and which was initially payable to Beneficial California, Inc.

Plaintiffs loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg.Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to Plaintiffs loan with BENEFICIAL CALIFORNIA, INC., later assigned to Citimortgage. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required

by TILA. 15 U.S.C. § 1635(a). The "material disclosures" that must be delivered include accurate disclosure of the annual percentage rate, all finance charges and the amount financed. 15 U.S.C. § 1602(u). If the required notice of cancellation are not provided, or if the required "material disclosures" are not delivered, then the right to cancel extends to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

A consumer may exercise their right to cancel a transaction by delivery of a written notification of the consumer's wish to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 15 C.F.R. § 226.23(d).

By a letter dated August 11, 2008 (See Compl., Ex. D), Plaintiff, notified Citimortgage that they were exercising their rights under the Fair Debt Collections Practices Act § 805 in that they were to terminate all collection calls, requested the identity of the note holders pursuant to 15 U.S.C. § 1641, that they were making a Qualified Written Request under RESPA and pointed out the deficient notice of right to cancel under the Truth In Lending Act but offered to settle the matter in conjunction with rescinding.  Plaintiff gave them until August 25, 2008 to respond to their request for settlement.  Plaintiff exercised his right to rescind under the Truth In Lending Act before the three year statute of limitations had expired.

### III. LEGAL ARGUMENT

**A.    Defendant Claims: The First Cause of Action for Truth In Lending Act ("TILA") Violations Must Fail Because Plaintiff Fails to Allege Facts Which Support a Right to Relief.**

**1.    Plaintiff's Claim Is Not Time Barred.**

Citimortgage is mistaken in the law regarding the assertion that the case must brought within 3 years following the making of the loan.  The case cited by Defendant, *Miguel v. Country Funding Corp.* (9th Cir. 2002) 309 F.3d 1161, 1164, was clear on that point, the court stated:

> "While Miguel is correct, 15 U.S.C. §1640(e) provides the borrower <u>one year from the refusal of cancellation to file suit</u>…"

The August 11, 2008 letter, well before the September 15, 2008 deadline, contained the exercise of the Plaintiffs rescission, as required by TILA (See Compl., Ex. D).  Pursuant to Regulation Z § 226.23(a)(2):

> "To exercise the right to rescind, <u>the consumer shall notify the creditor of the rescission by mail</u>, telegram or other means of written communication. <u>Notice is considered given when mailed</u>…"

Furthermore, Plaintiff's right to rescind expires three years after consummation.  Nothing states a suit must be filed. Regulation Z § 226.23(a)(3):

> "The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, <u>the right to rescind shall expire three years after consummation</u>, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.

On August 29, 2008, Plaintiff received a letter from Defendant acknowledging receipt of the letter (See Compl., Ex. E).  Therefore, Plaintiff had exercised his right to cancel within the 3 year period, and, as cited in Miguel above, had one year in which to file suit.

**2.   Plaintiff's contends that who is owner of the Ramos loan is in dispute and acknowledge that Citimortgage has held itself out as the lender which is completely inconsistent with its SEC filings.**

The status of Citimortgage is a question of fact.  No question that Citimortgage has held itself out as the lender of the Ramos loan from time to time, as most every servicer does, but they have not provided any factual evidence to show they actually own the loan, despite Plaintiff statutory request. Plaintiff hopes that Defendant is being sincere with the court in its pleadings because we found from the SEC (Security and Exchange Commission) a 10Q filing for mortgage securities they have issued (Exhibit "A").  Plaintiff's attachment of the loan modification document to its complaint (See Compl., Ex. I) was created by Citimortgage and has many interpretations but it is absolutely clear by the Plaintiff's complaint that Plaintiff does not believe Citimortgage is the lender further supported by Exhibit "A" and have pled as such.  However, this summary judgment is premature and proper discovery will establish the true fact of who owns the Plaintiffs loan.  If Citimortgage is not the true owner of the loan, the complaint will have to amended to include the true owner and new causes of action against Citimortgage for their deception, if any.

**3.   Plaintiff agrees, Citimortgage was not the original creditor.**

Citimortgage's assertion that they cannot be held liable for damages of failing to rescind to Ramos makes no sense.  No question, generally, assignees are not liable for violations of the Truth In Lending Act unless said violations are apparent on the face of the loan with one big EXCEPTION, rescission.  <u>See</u> 15 U.S.C. § 1641(c).

> *Right of rescission by consumer unaffected . Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation.*

Furthermore, a right under the rescission provisions of 15 U.S.C. § 1635 (g) gives the court the authority for additional relief when the rescission requirements have not been complied with:

> *In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.*

The rescission concept provided to consumers by Congress is a self-perfecting statute that has persuasive elements intended to get consumers and lenders (and their agents) to the table to act within a 20 day window.  Unfortunately, many lenders and their agents do not take the 20 day window seriously and ignore or reject the consumer's attempt.  The additional damages provisions of 15 U.S.C. § 1635(g) only become relevant after the persuasive elements of the rescission statute have failed.

Ironically, Citimortgage asserts that Plaintiff has not plead sufficient facts for a TILA claim as against Citimortgage as a "loan servicer".  This is true because Citimortgage has failed and refused to answer the question made to it under 15 U.S.C. § 1641(f)(2) by providing the name, address and telephone number of the true owner.  Plaintiff has filed its complaint with the best information before it and in good faith, however Citimortgage is withholding information that it has a statutory responsibility to disclose from the Plaintiff and then argues the Plaintiff has not properly plead those things it withholds.  This is frustrating the legal process before this court.

**B.**   **Defendant Claims: The Second Cause of Action for Fair Debt Collection Practices Act Violations Must Be Dismissed Because Plaintiff Has Not Alleged Any Specific Acts or Conduct on Citimortgage's Part Which Would Constitute Violations.**

Citimortgage has merely not looked at the statute properly.  California Civil Code §1788.17 incorporates the provisions of 15 U.S.C. §§ 1692-1692j.

> **1788.17.  Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt _shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k_ of, Title 15 of the United States Code.**

15 U.S.C. §1692c has a provision for ceasing communication of which Plaintiff Ramos exercised in his August 11, 2008 letter (See Compl., Ex. D).  Citimortgage is inaccurate when it states it is allowed to continue to pursue the debt collection and their pleadings are an admission in themselves that they violated the statute.  Phone calls to the Plaintiff to collect the debt are clearly restricted by 15 U.S.C. §1692c:

*CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—*
*(1) to advise the consumer that the debt collector's further efforts are being terminated;*
*(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or*
*(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.*

Therefore, the second cause of action for violation of the Fair Debt Collection Practices Act must not be dismissed and in fact it appears from the pleadings by Citimortgage they admit violating the Act but were merely mistaken as to the law.

**C.    Defendant Claims: The Third and Seventh  Causes of Action for Fraud and Deceit Must Be Dismissed Because Plaintiff Failed To Allege Fraud with Specificity.**

Unfortunately, Citimortgage is withholding the information necessary to give Plaintiff more details related to their fraud by failing to act under their statutory requirement of 15 U.S.C. § 1641(f)(2) by providing the name, address and telephone number of the true owner.  On one hand they want to keep Plaintiff from the information and on the other they want to use this lack of information as a shield against pursuing this cause of action.  It is them that is frustrating the judicial process and they ask the court for relief to benefit from their own wrong.  Based on the facts before the Plaintiff, we have plead the Third and Seventh causes of action related to Fraud with the best information before us.  We see their Motion to Dismiss on said causes of action as premature as engaging in discovery, of those things already statutorily requested, will provide even more facts that will further bolster these causes of action and most likely create a few more.  We ask that their request be denied as such request is done with unclean hands before the court.

**D.    Defendant Claims: The Fourth  Cause of Action for Violations of the Fair Credit Reporting Act is Moot Because Citimortgage Has Corrected Its Reporting to the Credit Bureaus.**

At the time the Plaintiff had filed its complaint, Citimortgage was reporting the loan as being delinquent and was plead as such.  Citimortgage in its motion appears to be stating that it has corrected this information.  Plaintiff at this point does not know if it is true and Citimortgage's assertion is made without any factual evidence.  Regardless, correcting the information after a consumer found it necessary to file a complaint at great cost does not render the matter moot.  Their response goes back to the 2006 incident, which was corrected, however the Plaintiffs complaint is referencing new reporting as stated in Paragraph 63 of the complaint which states, "… but they continue to report derogatory information."  Clearly, this is a disputed fact and dismissal of this cause of action is unwarranted.

> **E.      Defendant Claims: The Sixth Cause of Action Based on a Breach of Contract Must Be Dismissed Because Citimortgage was not a Party to and did not Negotiate the Contract at Issue with Plaintiff.**

We are confused by Citimortgage's contention.  They purchased a contract from Beneficial which they have a right to enforce; they have negotiated and modified provisions of the contract (See Compl. Ex. I) yet they contend they are not a party of the contract.   Clearly, these are facts in dispute.  At face value, their request is without merit and we ask that the court reject their request to have the Sixth Cause of Action dismissed.

> **F.      Defendant Claims: The Eighth Cause of Action for Violations of Business and Professions Code 17500 Must Be Dismissed Because Plaintiffs Have Not Alleged Specific Acts or Conduct of Citimortgage which would Constitute Violations.**

Plaintiff has pled with sufficient detail of the acts by Citimortgage.  One such example is related to the loan modification agreement in which they induced Plaintiff in their letter (See Compl. Ex. H) that any modification would not have a prepayment penalty, yet, as revealed in confusing language in the modification (See Compl. Ex. I) it did have a prepayment penalty.  It is obvious from the Plaintiffs pleadings that sufficient facts exist that a Business and Professions Code §17500 claim has merit.  We request that the court reject their request to have the Eighth Cause of Action dismissed.

---

**G.   Defendant Claims: The Ninth Cause of Action for Violations of the Covenant of Good Faith and Fair Dealing Must Be Dismissed Because Plaintiffs Have Not Alleged Specific Acts or Conduct of Citimortgage which would Constitute Violations.**

This is a good example of the conflicting and confusing requests that Citimortgage is making.  In Paragraph E they stated they had not negotiated a contract in this matter and now, here in Paragraph G, they assert that they entered into a contract.  Regardless, the terms of the loan modification agreement itself is vague, misleading and unclear and then subsequently Citimortgage interpreted the loan modification most favorable to themselves and to the detriment of Plaintiff.

Plaintiff strongly disagrees with the Defendants request to dismiss this cause of action.  No question, Plaintiff will need to amend this cause of action as the facts being withheld by the Defendants are revealed but it is premature.  Inherent in all contracts is the covenant to act in Good Faith and Fair Dealing.  At this moment, we see substantial effort on the part of Citimortgage, Inc. to interfere with the contractual relationship between Plaintiff and whoever is the actual owner of the note.  We think that footnote 3 to the ruling of Judge Christopher A. Boyko filed on October 31, 2007, United District Court, Northern District of Ohio, Eastern Division Case No. 1:07-cv-02282-CAB says it best about the behavior of Citimortgage, Inc. in this case:

**"[Plaintiff's] 'Judge, you just don't understand how things work,' argument reveals a condescending mindset and quasi-monopolistic system where financial institutions have traditionally controlled, and still control..."**

Defendants want to play only by their rules and Judges across the country are standing up against this approach. As stated previously, Citimortgage  is engaged in an unreasonable delay that is prejudicial to the rights of the Plaintiff.  They are keeping the Plaintiff from the true parties to this action.

Should the Court grant Defendants motion as to this cause of action, Plaintiff respectfully requests that she be allowed to amend this cause of action so that the Plaintiff will be given ample

opportunity to present his case.  This will allow the Court to decide this case on a more complete record of the merits -- thereby furthering the goals of justice and efficiency.

We request that the court reject their request to have the Ninth Cause of Action dismissed as they have failed to meet their burden.

**H.    Defendant Claims: Plaintiffs Request for Relief of Rescission is Time-Barred Because Plaintiff Did Not File His Complaint Within the Statutory Require Period.**

Citimortgage is just wrong on their assertion.  As previously stated,  Plaintiff has 3 years in which to assert his right to rescind by notifying the creditor or the assignee that he is exercising his right.  Plaintiff did so on August 11, 2008 (See Compl. Ex. D).  The statute is clear that a consumer then has one year from the date they notified the creditor or assignee to file suit to enforce their rescission claim.  Plaintiff is well within all of the required time frames and is not time-barred from rescinding the subject loan.

Restating for clarity from A-1 above:

Citimortgage is mistaken in the law regarding the assertion that the case must brought within 3 years following the making of the loan.  The case cited by Defendant, *Miguel v. Country Funding Corp.* (9th Cir. 2002) 309 F.3d 1161, 1164, was clear on that point, the court stated:

> *"While Miguel is correct, 15 U.S.C. §1640(e) provides the borrower <u>one  year from the refusal of cancellation to file suit</u>…"*

The August 11, 2008 letter, well before the September 15, 2008 deadline, contained the exercise of the Plaintiffs rescission, as required by TILA (See Compl., Ex. D)  Pursuant to Regulation Z § 226.23(a)(2):

> *"To exercise the right to rescind, <u>the consumer shall notify the creditor of the rescission by mail</u>, telegram or other means of written communication. <u>Notice is considered given when mailed</u>…"*

---

Furthermore, Plaintiff's right to rescind expires three years after consummation.  Nothing states a suit must be filed. Regulation Z § 226.23(a)(3):

> **"The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, <u>the right to rescind shall expire three years after consummation</u>, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.**

On August 29, 2008, Plaintiff received a letter from Defendant acknowledging receipt of the letter (See Compl., Ex. E).  Therefore, Plaintiff had exercised his right to cancel within the 3 year period, and, as cited in Miguel above, had one year in which to file suit.

**I.      Defendant Claims: Plaintiff Has Not Stated a Claim or Basis for Recovery of Attorney Fees.**

The underlying contract in the form of a Note and Deed of Trust has an attorney's fee provision.  The Truth In Lending Act has an attorneys fee provision to the statute.  The Fair Debt Collection Practices Act has an attorney's fee provision to the statute.  The Fair Credit Reporting Act has an attorney's fee provision to the statute. Business and Professions Code §17200 has an attorney's fee provision to the statute.  Should Plaintiff prevail on any causes of action under the underlying contract or by the cited statutes, Plaintiff would be entitled to attorneys fees.

**V. Motion For More Definitive Statement Pursuant to Rule 12(E)**

Our plain reading of the complaint pleads the facts in as complete and brief of a manner based on best information available to the Plaintiff at filing.  Much of the missing pieces, if any, that Citimortgage complains of, is within their control and had an obligation to provide and did not do so (the 15 U.S.C. § 1641(f)(2) and Qualified Written Requests Under RESPA claims).  It should be obvious to the court that upon receipt of a few more facts from Citimortgage, Plaintiff will have to file an amended complaint.  We would ask that the court stay any decision regarding a more definitive statement for 90 to 180 days, order Citimortgage to comply with some basic discovery

related to who really owns the Plaintiffs loan and to whether the loan has been securitized and that the Plaintiff file an amended complaint or revisit Citimortgage's motion.

## IV. CONCLUSION

All causes of action plead sufficient facts that the Defendants Motion to Dismiss should not be granted.  If Defendants are granted their motion, all or in part, Plaintiff requests that he be granted leave to amend the complaint.  As to their request for a more definitive statement, we ask that the court stay any decision regarding a more definitive statement for 90 to 180 days, order Citimortgage to comply with some basic discovery related to who really owns the Plaintiffs loan and to whether the loan has been securitized and that the Plaintiff be allowed to file an amended complaint or revisit Citimortgage's motion.

Dated:  December 7, 2008                    By:_/s/ Duane L. Tucker_____
                                            Duane L. Tucker, Attorney for Carl T. Ramos

# - EXHIBIT A -

Case 2:08-cv-02250-WBS -KJM   Document 9   Filed 12/29/08   Page 19 of 28

*SEC Info*   Home   Search   My Interests   Help   User Info   **David Pereira**

## Citicorp Mortgage Securities Inc, et al. · 10-K · For 12/31/07

Filed On 3/28/08 4:40pm ET · SEC Files 0-16107, 333-130333-24 · Accession Number 1418944-8-58

Find _____ in this entire Filing  ▾ Show Docs searched ▾ and every "hit".  ▾
Help   Wildcards: ? (ans letters), * (many) Logic: for Docs & (and), | (or), for Text | (anywhere), "(&)" (near)

| As Of | Filer | Filing | As/For/On | Docs:Pgs | Issuer | Agent |
|---|---|---|---|---|---|---|
| 3/28/08 | Citicorp Mortgage Securities Inc | 10-K | 12/31/07 | 10:91 | | Citicorp Mortgag..2007-9 |
| | Citicorp Mortgage Securities Trust/Series 2007-4 | | | | | |

**Annual Report · Form 10-K**
**Filing Table of Contents**

| Document/Exhibit | Description | Pages | Size |
|---|---|---|---|
| 1: 10-K | Citicorp Mortgage Securities Trust, Series 2007-4 Form 10-K | HTML | 48K |
| 2: EX-31.1 | Certification of Principal Executive Officer Pursuant to Section 30. | HTML | 10K |
| 3: EX-33.1.1 | Management Assessment of Compliance With Applicable Servicing Criteria, Citimortgage, Inc. | HTML | 62K |
| 4: EX-33.1.2 | Management Assertion of Compliance, Citibank, N.A. Agency and Trust | HTML | 17K |
| 5: EX-33.1.3 | Management Assessment of Compliance With Applicable Servicing Criteria, Citibank, N.A. Custodial Operations | HTML | 49K |
| 6: EX-34.1.1 | Accountant's Report Relating to Citimortgage, Inc. Management Assessment | HTML | 71K |
| 7: EX-34.1.2 | Accountant's Report Relating to Citibank, N.A. Agency and Trust Management Assertion | HTML | 25K |
| 8: EX-34.1.3 | Accountant's Report Relating to Citibank, N.A. Custodial Operations Management Assessment | HTML | 55K |
| 9: EX-35.1 | Servicer Compliance Statement of Citimortgage, Inc. | HTML | 38K |
| 10: EX-99.1 | Upmorgan Guaranty | HTML | 44K |

**10-K · Citicorp Mortgage Securities Trust, Series 2007-4 Form 10-K**

*This is an EDGAR HTML document rendered as filed. [ Alternative Formats ]*

cmst2007-4form10k.htm

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, DC 20549

FORM 10-K

(Mark One)

[X]    ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the fiscal year ended _____ December 31, 2007 _____

OR

[ ]    TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from _____ to _____

Commission file number _____ 333-120333-24 _____

Citicorp Mortgage Securities Trust, Series 2007-4
(Exact name of issuing entity as specified in its charter)

Citicorp Mortgage Securities, Inc.
(Exact name of depositor as specified in its charter)

CitiMortgage, Inc.
(Exact name of sponsor as specified in its charter)

| New York | 33-1168465, 33-1168468 and 33-1168471 |
|---|---|
| (State or Other Jurisdiction of Incorporation or Organization of Issuing Entity) | (I.R.S. Employer Identification Number of Issuing Entity) |
| 1000 Technology Drive, O'Fallon, Missouri | 63368-2240 |
| (Address of Principal Executive Offices of Issuing Entity) | (Zip Code) |

Registrant's telephone number, including area code _____ (636) 261-1313 _____

Securities Registered pursuant to Section 12(b) of the Exchange Act    NONE

Securities Registered pursuant to Section 12(g) of the Act    NONE

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act [ ] Yes  [X] No

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act [ ] Yes  [X] No

1

Case 2:08-cv-02250-WBS -KJM   Document 9   Filed 12/29/08   Page 21 of 28

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Exchange Act during the preceding 12 months (or such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days    [X] Yes  [ ] No

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K    [ ]  [Item 405 of Regulation S-K is not applicable.]

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer   See definition of "accelerated filer and large accelerated filer in Rule 12b-2 of the Exchange Act   (Check one)

Large Accelerated Filer [  ]                                    Accelerated Filer [  ]                                    Non-Accelerated Filer [X]

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act)   [ ] Yes   [X] No

State the aggregate market value of the voting and non-voting common equity held by non-affiliates computed by reference to the price at which the common equity was last sold, or the average bid and asked price of such common equity, as of the last business day of the registrant's most recently completed second fiscal quarter  [Not applicable.]

## PART I

**The following items have been omitted pursuant to General Instruction J. to Form 10-K:**

Item 1      Business
Item 1A    Risk Factors
Item 2      Properties
Item 3      Legal Proceedings
Item 4      Submission of Matters to a Vote of Security Holders


**Item 1B.    Unresolved Staff Comments**

      None

**The following substitute information is provided in accordance with General Instruction J. to Form 10-K:**

**Item 1112(b) of Regulation AB (Significant obligors of pool assets)**

      No single obligor represents more than 10% of the pool assets held by the issuing entity

**Item 1114(b)(2) of Regulation AB (Credit enhancement and other support, except for certain derivative instruments) (Information regarding significant enhancement providers)**

      No entity or group of affiliated entities provides any external credit enhancement for the certificates issued by the issuing entity

**Item 1115(b) of Regulation AB (Certain derivative instruments)**

      No entity or group of affiliated entities provides derivative instruments having a significance percentage of 10% or more

2

Item 1117 of Regulation AB (Legal Proceedings)

There are no legal proceedings that would be material to investors against the sponsor, the depositor, the issuing entity, Citibank, N.A. (the paying agent, authenticating agent and certificate registrar for the issuing entity), or to CitiMortgage, Inc.'s knowledge, the trustee, nor does CitiMortgage, Inc. know of any such proceeding contemplated by any governmental authorities.

## PART II

The following items have been omitted pursuant to General Instruction J. of Form 10-K:

Item 5    Market for Registrant's Common Equity, Related Stockholder Matters and Issuer Purchases of Equity Securities
Item 6    Selected Financial Data
Item 7    Management's Discussion and Analysis of Financial Condition and Results of Operations
Item 7A   Quantitative and Qualitative Disclosures About Market Risk
Item 8    Financial Statements and Supplementary Data
Item 9    Changes in Disagreements With Accountants on Accounting and Financial Disclosure
Item 9A   Controls and Procedures

### Item 9B.    Other Information

None

## PART III

The following items have been omitted pursuant to General Instruction J. of Form 10-K:

Item 10   Directors, Executive Officers and Corporate Governance
Item 11   Executive Compensation
Item 12   Security Ownership of Certain Beneficial Owners and Management and Related Stockholder Matters
Item 13   Certain Relationships and Related Transactions, and Director Independence
Item 14   Principal Accounting Fees and Services

The following substitute information is provided in accordance with General Instruction J. to Form 10-K:

Item 1119 of Regulation AB (Affiliations and certain relationships and related transactions)

Bear Stearns Financial Products Inc

On March 16, 2008, JPMorgan Chase & Co. ("JPMorgan Chase") announced that it had entered into an Agreement and Plan of Merger, dated March 16, 2008 (the "Agreement and Plan of Merger"), and subsequently amended by Amendment No. 1 to the Agreement and Plan of Merger, dated as of March 24, 2008 (such amendment, together with the Agreement and Plan of Merger, the "Merger Agreement"), with The Bear Stearns Companies Inc. (the parent company of Bear Stearns Financial Products Inc. The Merger Agreement provides that, upon the terms and subject to the conditions set forth in Merger Agreement, a wholly-owned subsidiary of JPMorgan Chase will merge with and into The Bear Stearns Companies Inc. with The Bear Stearns Companies Inc. continuing as the surviving corporation and as a wholly-owned subsidiary of JPMorgan Chase. The Merger Agreement has been approved by the Boards of Directors of The Bear Stearns Companies Inc. and JPMorgan Chase and is subject to customary closing conditions, including stockholder approval. The Federal Reserve, the Office of the Comptroller of the Currency and other federal agencies have given all necessary approvals for the merger. The merger is expected to be completed by the end of the second calendar year quarter of 2008, however there can be no assurance that the merger will close as contemplated.

In connection with the Merger Agreement, JPMorgan Chase issued an Amended and Restated Guaranty Agreement, effective as of March 16, 2008 (the "Guaranty"), guaranteeing the obligations and liabilities of The Bear Stearns Companies Inc. and certain of its affiliates, including Bear Stearns Financial Products Inc.'s obligations under the yield maintenance agreement relating to the class IA-11 certificates dated May 29, 2007 among U.S. Bank National Association, not individuals, but solely as trustee on behalf of Citicorp Mortgage Securities Trust, Series 2007-4, Bear Stearns Financial Products Inc., and Citicorp Mortgage Securities, Inc. (the "Yield Maintenance Agreement"). A form of the Yield Maintenance Agreement was included as Exhibit F to the Pooling and Servicing Agreement dated May 1, 2007 which is Exhibit 4.1 to the Issuing Entity's Current Report on Form 8-K filed with the Commission on June 11, 2007. A copy of the Guaranty is filed as Exhibit 99.1 to this Form 10-K. Except with respect to the addition of this Guaranty, the terms and conditions of the Yield Maintenance Agreement remain unchanged.

JPMorgan Chase is a financial holding company incorporated under Delaware law, whose principal office is located in New York, New York. JPMorgan Chase currently holds approximately $1.6 trillion in assets, and has $123 billion in stockholders' equity with operations worldwide. JPMorgan Chase services include investment banking, financial services for consumers, small business and commercial banking, financial transaction processing, asset management, and private equity. A component of the Dow Jones Industrial Average, JPMorgan Chase serves millions of consumers in the United States and many of the world's corporate, institutional and government clients under its JPMorgan and Chase brands. Information about JPMorgan Chase is available at www.jpmorganchase.com.

Information regarding Item 1119 has also been filed in a 424(b)(5) filing dated May 30, 2007.

Item 1122 of Regulation AB (Compliance with applicable servicing criteria)

The reports required by Item 1122(a) and (b) of, or relating to, all parties determined by the registrant to be participating in the servicing function with respect to the issuing entity are attached to this Form 10-K as Exhibits 33.1.1, 33.1.2, 33.1.3, 34.1.1, 34.1.2 and 34.1.3.

The Agency and Trust division of Citibank, N.A. disclosed the following material noncompliance with criteria applicable to them during the year ended December 31, 2007. 1122(d)(2)(i) – With respect to certain transactions for which the transaction documents require that funds be deposited into the custodial bank accounts on the day funds are received by the Agency and Trust division of Citibank, N.A., funds were not deposited to the custodial bank accounts in accordance with the terms of the transaction documents. In a sample of selected payments on pool assets received by The Agency and Trust division of Citibank, N.A., this finding was identified once. In that instance, the funds received were deposited into the specified custodial account on the day after the day they were received. As the one-day delay only impacted investment income to which the Agency and Trust division of Citibank, N.A. was entitled as compensation for services as securities administrator, management believes that the delay did not affect the amount of any payments to any security holder or to any transaction parts other than the Agency and Trust division of Citibank, N.A. 1122(d)(3)(iii) – With respect to certain remittances during the reporting period, amounts due to investors were allocated and remitted in accordance with distribution priority and other terms set forth in the transaction agreements, but were not paid timely to investors.

Item 1123 of Regulation AB (Servicer compliance statement)

The statement required by Item 1123 is attached to this Form 10-K as Exhibit 35.1.

3

Case 2:08-cv-02250-WBS -KJM   Document 9   Filed 12/29/08   Page 23 of 28

PART IV

Item 15.            **Exhibits, Financial Statement Schedules**

(a)(1)              Not applicable

(a)(2)              Not applicable

(a)(3)              Exhibits

| Exhibit Number | Description |
| --- | --- |
| 4.1 | Pooling and Servicing Agreement, dated as of May 1, 2007, incorporated by reference from Exhibit 4.1 of the Issuing Entity's Current Report on Form 8-K filed with the Commission on June 11, 2007 |
| 10.1 | Form of Mortgage Loan Purchase Agreement, dated May 1, 2007, incorporated by reference from Exhibit 10.1 of the Issuing Entity's Current Report on Form 8-K filed with the Commission on June 11, 2007 |
| 31.1 | Certification pursuant to Section 302 of the Sarbanes-Oxley Act of 2002 and relevant rules and regulations of the Commission, dated March 28, 2008 |
| 33.1.1 | Management Assessment of Compliance with Applicable Servicing Criteria, dated February 22, 2008, of CitiMortgage, Inc. |
| 33.1.2 | Management Assertion of Compliance, dated February 29, 2008, of the Agency and Trust division of Citibank, N.A. |
| 33.1.3 | Management Assessment of Compliance with Applicable Servicing Criteria, dated February 22, 2008, of Citibank, N.A. |
| 34.1.1 | Report of Independent Registered Public Accounting Firm, dated February 22, 2008, of KPMG LLP, relating to Exhibit 33.1.1 |
| 34.1.2 | Report of Independent Registered Public Accounting Firm, dated February 29, 2008, of KPMG LLP, relating to Exhibit 33.1.2 |
| 34.1.3 | Report of Independent Registered Public Accounting Firm, dated February 22, 2008, of KPMG LLP, relating to Exhibit 33.1.3 |
| 35.1 | Servicer Compliance Statement of CitiMortgage, Inc., dated February 22, 2008 |
| 99.1 | Amended and Restated Guaranty Agreement, effective as of March 16, 2008, by JPMorgan Chase & Co. |

4

SIGNATURES

     Pursuant to the requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned, thereunto duly authorized.

Citicorp Mortgage Securities Trust, Series 2007-4

By  *CitiMortgage, Inc.*, as Servicer

By  /s/ Herb Gover
     Herb Gover
     Executive Vice President, North American Consumer Asset Operations

March 28, 2008

INDEX TO EXHIBITS

| Exhibit Number | Description |
|---|---|
| 4.1 | Pooling and Servicing Agreement, dated as of January 1, 2007, incorporated by reference from Exhibit 4.1 of the Issuing Entity's Current Report on Form 8-K filed with the Commission on February 9, 2007 |
| 10.1 | Form of Mortgage Loan Purchase Agreement, dated January 1, 2007, incorporated by reference from Exhibit 10.1 of the Issuing Entity's Current Report on Form 8-K filed with the Commission on February 9, 2007 |
| 31.1 | Certification pursuant to Section 302 of the Sarbanes-Oxley Act of 2002 and relevant rules and regulations of the Commission, dated March 28, 2008 |
| 33.1.1 | Management Assessment of Compliance with Applicable Servicing Criteria, dated February 22, 2008, of CitiMortgage, Inc. |
| 33.1.2 | Management Assertion of Compliance, dated February 29, 2008, of the Agency and Trust division of Citibank, N.A. |
| 33.1.3 | Management Assessment of Compliance with Applicable Servicing Criteria, dated February 22, 2008, of Citibank, N.A. |
| 34.1.1 | Report of Independent Registered Public Accounting Firm, dated February 22, 2008, of KPMG LLP, relating to Exhibit 33.1.1 |
| 34.1.2 | Report of Independent Registered Public Accounting Firm, dated February 29, 2008, of KPMG LLP, relating to Exhibit 33.1.2 |
| 34.1.3 | Report of Independent Registered Public Accounting Firm, dated February 22, 2008, of KPMG LLP, relating to Exhibit 33.1.3 |
| 35.1 | Servicer Compliance Statement of CitiMortgage, Inc., dated February 22, 2008 |
| 99.1 | Amended and Restated Guaranty Agreement, effective as of March 16, 2008, by JPMorgan Chase & Co. |

6

Case 2:08-cv-02250-WBS -KJM   Document 9   Filed 12/29/08   Page 27 of 28

**Dates Referenced Herein**  *and*  **Documents Incorporated By Reference**

| *This 10-K Filing* | *Date* ▼ | *Other Filings* |
|---|---|---|
|  | 1/1/07 |  |
|  | 2/9/07 | 8-K |
|  | 5/1/07 | FWP |
|  | 5/29/07 | 8-K, FWP |
|  | 5/30/07 | FWP, 8-K, 424B5 |
|  | 6/11/07 | 8-K |
| For The Period Ended | 12/31/07 | 10-K |
|  | 2/22/08 | FWP |
|  | 2/29/08 |  |
|  | 3/16/08 |  |
|  | 3/24/08 |  |
| Filed On / Filed As Of | 3/28/08 | 10-K |
| Top |  | List All Filings |

Filing Submission  -  Alternative Formats (Word / Rich Text, HTML, Plain Text, SGML, XML, et al.)

Copyright © 2008 **Fran Finnegan & Company** All Rights Reserved.
www.secinfo.com - Sun, 7 Dec 2008 04:17:33.0 GMT - *Privacy* - *Help*