JENNIFER H. ROSARIO, SB# 240562
E-Mail: rosario@lbbslaw.com
DANIEL G. BATH, P.C. SB#119514
E-Mail: bath@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
2850 Gateway Oaks Drive
Suite 450
Sacramento, California 95833
Telephone: (916) 564-5400
Facsimile: (916) 564-5444

Attorneys for CITIMORTGAGE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carl T. Ramos,<br><br>    Plaintiff,<br><br>v.<br><br>Citimortgage, Inc.,<br><br>    Defendant. | CASE NO. 2:08-CV-02250-WBS-KJM<br><br>**DEFENDANT CITIMORTGAGE, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT (FRCP 12(b)(6)), AND/OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT (FRCP 12(e))**<br><br>DATE: January 5, 2009<br>TIME: 2:00 p.m.<br>COURTROOM: 5 |

CITIMORTGAGE, INC. (hereinafter "Citimortgage") Defendant in the above-referenced action submits this Reply to Plaintiff's Opposition to Citimortgage's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(B)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(E).

In addition, Citimortgage requests the Court to enter an order granting the motion and certifying the order as a final judgment pursuant to Rule 54(b).

## I. PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS IS TIME BARRED.

Plaintiff's Opposition to the Motion to Dismiss is time barred because it was filed outside of the time allowed by the Federal Rules of Civil Procedure. Pursuant to the Local Rule 78-230(c) of the Eastern District of California, the deadline for Plaintiff to file his Opposition was **December 19, 2008.** Local Rule 78-230(c) provides that the Opposition to a Motion must be filed at least 14 days before the hearing on the Motion. Since the hearing for Citimortgage's Motion to Dismiss is on January 5, 2009, Plaintiff had until December 19, 2008 to file his Opposition. Plaintiff did not file his Opposition until **December 29, 2008,** which was ten days past the deadline to file the Opposition. (See Notice of Electronic Filing of Plaintiff's Opposition attached as Exhibit "A.") Thus, Plaintiff's Opposition is not timely and Plaintiff may not be heard on his Opposition at the January 5, 2009 hearing pursuant to Local Rule 78-230(c) of the Eastern District of California, which states, "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

## II. PLAINTIFF INCORRECTLY ARGUES THAT PLAINTIFF'S CLAIM FOR RESCISSION IS NOT TIME BARRED.

As discussed in detail in Citimortgage's Motion to Dismiss, Plaintiff's rescission claim is time barred because Plaintiff filed the instant lawsuit more than three years after the loan was made. 15 U.S.C. §1635(f) establishes a *non-tollable statute of repose* depriving the court of subject matter jurisdiction over Plaintiff's rescission claim 3 years after loan consummation. *Miguel v. Country Funding Corp.* (9th Cir. 2002) 309 F.3d 1161, 1164, *Chabot v. Washington Mutual Bank* (In re Chabot) (2007, BC DC Mont) 369 BR 1, 14-15; *Cazares v. Household Finance Corp.* (D.C. CD Cal. 2005) 2005 U.S. Dist. LEXIS 39222.

*Miguel v. Country Funding Corp.* does not support Plaintiff's contention that the limitation period for filing a rescission claim was extended by his August 11, 2008 letter to Citimortgage. If that letter constituted a notice of rescission, and if Citimortgage failed to comply with its statutory obligations in response to receiving it, Plaintiff may have a claim for

damages under 15 U.S.C. Section 1640, <u>but rescission is not a remedy for that violation</u>. Plaintiff is confusing the limitations period for the remedy of rescission authorized by 15 U.S.C. Section 1635 from the wholly distinct limitations period for monetary claims under 15 U.S.C. Section 1640(a) and (e). As stated by Central District Court Judge Dale Fischer in *Cazares v. Household Finance Corp*:

> Plaintiffs' argument that an action for failure to honor a notice of rescission can be brought within one year and twenty days of the notice of rescission is irrelevant. Plaintiffs' [first amended cross-claim] includes no allegations that Defendants failed to honor a timely notice of rescission, and the court may not consider such allegations now. See *Hal Roach Studios, 896 F.2d at 1555*. If certain Plaintiffs did exercise their rights to rescind, prior to the expiration of the three-year limitation period, Plaintiffs may amend their complaint accordingly. However, any claims based on such facts would only entitle Plaintiffs to damages, not rescission. See *15 U.S.C. § 1640(a)*; *Belini v. Washington Mutual Bank, FA, 412 F.3d 17, 2005 WL 1399524 (1st Cir. 2005)*.

2005 U.S. Dist. LEXIS 39222 at 24-25. <u>See also</u> *Belini v. Washington Mutal Bank*, <u>supra</u> 412 F. 3d at 24 (while monetary damages may be sought against a creditor who fails to comply with any requirement imposed under 15 U.S.C. Section 1640, rescission is not a remedy).

### III. PLAINTIFF'S ARGUMENTS REFUTING CITIMORTGAGE'S STATUS AS A LENDER AND HOLDER OF THE LOAN ARE INCOMPREHENSIBLE AND FAIL TO STATE A CLAIM FOR RELIEF

Plaintiff puts forth an incomprehensible argument that Citimortgage has no evidence that Citimortgage owns Plaintiff's loan. Plaintiff attaches as Exhibit "A" to its Opposition a print-out that Plaintiff alleges is from the Securing and Exchange Commission (SEC). However, Plaintiff does not explain what this Exhibit purports to demonstrate, or how its contents show Citimortgage is the servicer of the Ramos loan.

The loan modification agreement attached to Plaintiff's complaint as Exhibit "I" demonstrates Citimortgage is the owner of the loan. Plaintiff has not alleged any facts in this complaint as to why this agreement should be ignored, or supporting his claim that Citimortgage is a loan servicer, not the owner. Consequently, Plaintiff has failed to state facts

sufficient to state any claim against Citimortgage for violation of any statute governing loan servicing agencies.

### IV. PLAINTIFF ADMITS THAT CITIMORTGAGE WAS NOT THE ORIGINAL CREDITOR AND THUS PLAINTIFF FAILS TO STATE A CLAIM FOR ANY TILA VIOLATION

In Plaintiff's Opposition, Plaintiff plainly states that he agrees that Citimortgage was not the original creditor that Plaintiff entered into the home loan with. As Citimortgage was not the original creditor, Plaintiff is mistaken in alleging that Citimortgage may be held liable for monetary damages based on a TILA violation. Plaintiff's Complaint contains vague allegations that the original creditor Beneficial (not Citimortgage) was required to provide certain disclosures to Plaintiff under TILA and by "Reg Z." As the original creditor, Beneficial would have been the creditor responsible for providing the disclosures in question, and not Citimortgage, which Plaintiff admits is the assignee of the loan between Beneficial and Plaintiff. Clearly, Plaintiff is misguided in his allegations since Citimortgage was not the original creditor responsible for the disclosures, which Plaintiff acknowledges. Plaintiff's blame for the alleged TILA violations is misplaced and Plaintiff ultimately fails to state a claim for relief.

To the extent Plaintiff, by its Complaint, is claiming only a right to rescind based on the original lender's TILA violations, and is not seeking monetary damages from Citimortgage based on those violations, Plaintiff's claim is time-barred, as discussed above and in Citimortgage's moving papers.

### V. PLAINTIFF'S ARGUMENTS THAT CITIMORTGAGE VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT ARE UNFOUNDED BECAUSE PLAINTIFF ASKED CITIMORTGAGE TO REPLY TO PLAINTIFF'S LETTER AND CITIMORTGAGE'S ACTIONS DO NOT CONSTITUTE VIOLATIONS

Plaintiff alleges that Citimortgage committed violations of the Fair Debt Collection Practices Act by failing to cease all communications with the Plaintiff after Plaintiff had requested Citimortgage to stop contacting Plaintiff in writing, in a letter dated August 11,

2008, in regards to the home loan in question. However, in that letter (attached as Exhibit "D" to Plaintiff's complaint), Plaintiff specifically asked Citimortage to respond to Plaintiff's letter. It is Citimortgage's acknowledgment of Plaintiff's request that Plaintiff now alleges violated the Fair Debt Collection Practices Act! (See Complaint, ¶47 and Exhibit "F" attached thereto). Such facts do not support a claim for relief.

Further, the Fair Debt Collection Practices Act allows the collector to communicate with the consumer in the following instances: 1) to advise the consumer that the debt collector's further efforts are being terminated; 2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or 3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. (15 U.S.C. §1692(c))

In addition, according to Plaintiff's August 11, 2008 letter, Plaintiff indicated further scenarios in which Citimortgage could contact Plaintiff:

*"...I wish that all communications cease in relation to the debt except in these very narrow exceptions as follows:*

- *Written response to the request contained in this letter.*

- *Verbal communication only for the purpose of acceptance and coordination of the settlement offer provided below*

- *If the settlement offer is rejected or a counterproposal is offered that must be in writing to the address above*

- *If rejected, a simple communication informing me of the rejection is all that I agree to any any other communication must cease."* (See Plaintiff's August 11, 2008 letter attached as Exhibit "B.")

Plaintiff does not include these facts in his Opposition and unequivocally alleges that Plaintiff requested that <u>all communications cease</u> with Plaintiff. However, Plaintiff's letter shows that Plaintiff invited further responses from Citimortgage. Further, the Fair Debt

Collection Practices Act provides for situations in which a creditor may contact the consumer in these circumstances regarding a debt. Citimortgage's actions do not violate the Fair Debt Collection Practices Act.

### VI. PLAINTIFF FAILS TO ALLEGE FRAUD WITH ANY SPECIFICITY

Plaintiff's Opposition contains more of the same broad and vague allegations asserted in Plaintiff's Complaint against Citimortgage, without identifying any specific conduct or acts on Citimortgage's part that would constitute fraud. As Federal Rule of Civil Procedure 9(b) requires, "In alleging fraud or mistake, a party must state with particularity he circumstances constituting fraud or mistake." Plaintiff offers no further facts about Citimortgage's conduct besides more unsubstantiated accusations about the intent and motives of Citmorgage.

### VII. PLAINTIFF'S OPPOSITION FAILS TO STATE ANY FACTS WHICH WOULD SUPPORT ITS CLAIM THAT CITIMORTGAGE IS CURRENTLY VIOLATING THE FAIR CREDIT REPORTING ACT

As discussed in Citimortgage's Motion to Dismiss, Plaintiff's claims that Citimortgage is in violation of the Fair Credit Reporting Act are moot because Citimortgage has already corrected any reporting errors. (See Motion to Dismiss Exhibit "C," and Exhibit "D.") As these exhibits show, Citimortgage made these corrections long before Plaintiff filed his suit.

Plaintiff argues that Citimortgage continues to report derogatory information but provides no specific facts or any basis on which to support its claim. Plaintiff continues to make broad and overly general allegations without pleading any facts with particularity. Thus, it is difficult for Citimortgage to provide a meaningful response to Plaintiff's claims as Citimortgage has shown that Plaintiff has already received the relief sought from Citimortgage in the form of the corrected reporting mistakes. Plaintiff fails to state a claim for relief since Plaintiff's allegations are moot.

///

## VIII. CITIMORTGAGE IS MERELY AN ASSIGNEE OF THE CONTRACT ENTERED INTO BY PLAINTIFF AND THE ORIGINAL LENDER AND COMMITTED NO BREACH OF CONTRACT VIOLATIONS

Plaintiff's Complaint includes a Breach of Contract cause of action which is predicated on violations by the original lender of the original home loan entered into between Plaintiff and Beneficial. (See Plaintiff's Complaint, page 13) Plaintiff attached as an exhibit to his Complaint Plaintiff's original home loan with Beneficial, which he references in this Breach of Contract cause of action. Plaintiff plainly states in his Opposition that he agrees that Citimortgage was not the original creditor that Plaintiff entered into the home loan with. However, Plaintiff is asserting breach of contract violations against Citimortgage in connection with this original home loan.

Plaintiff is mistaken in alleging that Citimortgage committed any breach of contract violations in connection with the original home loan between Beneficial and Plaintiff. Plaintiff's Complaint carelessly lumps Citimortgage together with the original creditor Beneficial and alleges that Citimortgage committed breach of contract violations in connection with the Beneficial loan. Plaintiff's allegations are overbroad and confusing, and do not specify with any particularity the real party against whom the allegations are made, and what those specific allegations are.

## IX. PLAINTIFF FAILS TO ALLEGE ANY MISCONDUCT ON CITIMORTGAGE'S PART WHICH WOULD CONSTITUTE VIOLATIONS OF THE BUSINESS AND PROFESSIONS CODE §17500

Plaintiff's Opposition does not set forth any new facts to support its claims that Citimortgage violated Business and Professions Code §17500. More specifically, Plaintiff does not specify what sections of the Code Citimortgage violated or what conduct of Citimortgage constituted violations of the Code. Instead, Plaintiff's Opposition just lists more vague and broad allegations against Citimortgage and cites to the entire Business and Professions Code §17500.

As Plaintiff's Section 17500 claim is premised on fraud, Plaintiff must comply with the requirements of FRCP Rule 9 and plead the facts with specificity. See *Silicon Knights v. Crystal Dynamics* (D.C. CD Cal. 1997) 983 F.Supp. 1303, 1315; *Strigliabotti v. Franklin Resources, Inc.*, 2005 U.S. Dist. LEXIS 9625 (N.D. Cal. Mar. 7, 2005) at 30-31.

Further, Plaintiff's Section 17500 claim is premised on a single isolated incident, i.e., Plaintiff's loan agreement with Beneficial, as assigned to Citimortgage. No facts are pleaded indicating Citimortgage engaged in repeated acts purportedly in violation of the fair business practices, as is required in order to state a claim. See *State of California ex. rel Vand De Kamp v. Texaco*, Inc. (1988) 46 Cal.3d 1147, 1169-1170; *Newman v. Checkrite California* (D.C. ED Cal. 1995) 912 F.Supp. 1354, 1375 superceded in part by statute as stated in *Hunt v. Check Recovery System* (D.C. ND Cal 2007) 178 F. Supp.2d 1157).

Accordingly, the vague facts as pleaded, concerning a single transaction, do not state a claim for relief.

## X. PLAINTIFF FAILS TO ALLEGE ANY MISCONDUCT ON CITIMORTGAGE'S PART WHICH WOULD CONSTITUTE VIOLATIONS OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's Opposition does not set forth any new facts to support its claims that Citimortgage committed any violations of the Covenant of Good Faith and Fair Dealing. Plaintiff does not specify any acts or conduct of Citimortgage which would constitute violations of the Covenant of Good Faith and Fair Dealing. Instead, Plaintiff's Opposition just lists more general and unsubstantiated allegations against Citimortgage and vaguely references that the Covenant of Good Faith and Fair Dealing was breached. It is impossible for Citimortgage to respond to Plaintiff's vague and overly broad allegations in any concrete manner. Further, Plaintiff's unsubstantiated claims do not state a claim for relief.

## XI. PLAINTIFF STATES NO CLAIM OR BASIS FOR RECOVERY OF ATTORNEY FEES

Plaintiff's opposition fails to show how he has adequately pleaded a claim for recovery of attorney fees. Plaintiff states in his opposition that he is entitled to attorney's fees based on the underlying contract; however, the contract documents attached to Plaintiff's complaint

do not contain any language authorizing Plaintiff's recovery of attorney's fees in the instant action. Neither has Plaintiff identified in his opposition or in his complaint the specific statutes purportedly entitling him him to recover attorney's fees.

## XII. CONCLUSION

All causes of action must be dismissed or Plaintiff should be ordered to provide a more definite statement as to all causes of action. Citimortgage request the Court to enter an order pursuant to Rule 54(b) certifying its ruling as final as to Citimortgage.DATED: December 31, 2008        LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Daniel G. Bath, P.C.
Jennifer H. Rosario
Attorneys for Defendant CITIMORTGAGE, INC.

**EXHIBIT "A"**

**From:**
**To:**
**Date:** 12/29/2008 11:53 AM
**Subject:** Activity in Case 2:08-cv-02250-WBS-KJM Ramos v. CitiMortgage, Inc. Opposition to Motion

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

**Eastern District of California - Live System**

## Notice of Electronic Filing

The following transaction was entered by Tucker, Duane on 12/29/2008 at 11:53 AM PST and filed on 12/29/2008
**Case Name:** Ramos v. CitiMortgage, Inc.
**Case Number:** 2:08-cv-2250
**Filer:** Carl T. Ramos
**Document Number:** 9

**Docket Text:**
**OPPOSITION by Carl T. Ramos to [6] Motion to Dismiss plaintiff's Complaint. (Tucker, Duane)**

**2:08-cv-2250 Electronically filed documents will be served electronically to:**

Duane L. Tucker    tucker@pacbell.net

Jennifer H. Rosario    rosario@lbbslaw.com, jhrosario@yahoo.com

**2:08-cv-2250 Electronically filed documents must be served conventionally by the filer to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=12/29/2008] [FileNumber=2759060-
0] [2c7b6f9b1a2acd0f30f4b2c3ef3bc389da10a574dca23c2745b4b9acb01d2369c5
f80f943a84d23568850db3e7f7b278bd3a1a2290a82a02185a84f4325748c0]]

**EXHIBIT "B"**

**Carl T. Ramos**
7287 Fair Play Way
North Highlands, CA 95660
(916) 339-3795

August 11, 2008

Ms. Joan Nethero
Executive Response Unit
CitiFinancial Mortgage Company, Inc.
1000 Technology Drive MS 2X-1-272
O'Fallon, MO 63368-2240

RE:   Account #5093395149
- Qualified Written Request Pursuant to RESPA
- Request for identity of note holders pursuant to 15 USC 1641 (f)(2)
- Invoking Rights under the California and Federal Fair Debt Collection Practices Act

Dear Ms. Nethero:

Pursuant to the Fair Debt Collections Practices Act, I dispute the validity of portions of the debt as portions of the contract are fundamentally unfair and deceptive, are in violation of California Business and Professions Code Section 17200 and contain unconscionable provisions pursuant to California Civil Code Section 1670.5.

The type of loan you are servicing have already been determined by the Federal government to be unfair and deceptive. On December 18, 2007, the Federal Reserve issued a Press Release tied to an amendment to the Truth In Lending Act that stated:

> "Our goal is to promote responsible lending, for the benefit of the individual consumers and the economy," said Federal Reserve Chairman Ben S. Bernanke. "We want consumers to make decisions about home mortgage options confidently, with assurances that unscrupulous home mortgage practices will not be tolerated."
>
> "Unfair and deceptive practices have harmed consumers and the integrity of the home mortgage market," said Federal Reserve Board Governor Randall S. Kroszner. "We have listened closely and developed a response to abuses that we believe facilitate responsible lending."

Fortunately, in California, the Unfair Business Practices Act already covers such unfair and deceptive practices and abusive lending which I believe covers the loan you service.

If I do not reach a satisfactory resolution of my problems with you, I am prepared to file suit to address these unfair and deceptive practices.

I believe that CitiMortgage is not the beneficiary/note holder of the above referenced loans. Pursuant to 15 USC 1641 (f)(2), I request the name, address and telephone number of the holder of the security instrument and Note. This request should be broadly interpreted to include the true owners and not merely a trustee or attorney in fact.

As a Qualified Written Request pursuant to RESPA, I request the following:

- Copies of all assignments, recorded or unrecorded, purporting to evidence who has the beneficial/ownership interest of the security instrument and corresponding promissory note.
- Copies of all documents from the beneficial note holder that purports to grant authority or direction in which to service the above referenced loan.
- Copies of all securities documents using whatever security instrument in which the underlying debt was securitized. This includes any stripping of payment streams, principal, future value, derivatives, tranches or any other device or artifice related to the underlying debt.
- Copies of all documents and/or communications contained in the loan servicing file of CitiMortgage and any related affiliate.
    - If a litigation and or attorney-client privilege is asserted for any documentation contained in the file, please provide a privilege log. The log shall contain:
        - The claim expressly stated
        - Describe the nature of the documents/communications in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.
- Refusing to provide the above information will result in a lawsuit being filed and the same information being secured as a party to legal discovery. It is more beneficial to give the information absent litigation and save yourself the cost.

I feel the underlying loan has serious defects. During the course of this loan you have used unfair and deceptive tactics which required that I retain legal counsel at my own expense and has caused me further harm. For example in the letter dated August 31, 2006 from Kay Frank, you acknowledge that my loan was not delinquent and had to correct my credit reports with the credit bureaus. In addition, you promised in your letter that the terms of the modification included elimination of the prepayment penalty yet buried in the language of modification is made an obscure reference in two areas of the document that indirectly leave the prepayment penalty in. This prevented me from taking advantage of opportunities that would have eliminated the CitiMortgage loan on more favorable terms. I have had the original

Truth In Lending Disclosure and Notice of Right to Cancel reviewed and find that it violates the Federal Truth In Lending Act and as such I am invoking my right to rescind the loan as I was not provided two copies of the Notice of Right to Cancel as required under TILA. As such, this error of not providing me two copies of my Notice of Right to Cancel as required by TILA, extends my right to cancel for 3 years. By this letter, I hereby rescind the above referenced loans.

Furthermore, I offer as tender the real property which was security for the above referenced loan on the terms stated in this correspondence. The most recent sale in the neighborhood like mine was for $145,000.00 months ago and I am told the house is worth only around $135,000.00 at this time. Since the loan balance is approximately $269,000.00 that means that I am presently $134,000.00 in negative value and after sales commissions and closing costs, really $150,000.00 in negative value. As such, pursuant to the Truth In Lending Act, my tender is based returning the value of your property.

As a further Qualified Written Request under RESPA, I do hereby request the following:

- A copy of the original signed Notice of Right to Cancel that contains the dates and signature.
- A full accounting for all payments and assessments made on my loan.
- Copies of all documents you have on file that purport to bear my signature.

In addition, I are asserting my rights under Section 805 of the Federal Fair Debt Collections Practices Act in that I am advising you that I have no intent of paying on the debt any further and I wish that **all communications cease in relation to the debt** except in these very narrow exceptions as follows:

- Written response to the request contained in this letter.
- Verbal communication only for the purpose of acceptance and coordination of the settlement offer provided below.
- If the settlement offer is rejected or a counterproposal is offered, that must be in writing to the address above.
    - If rejected, a single communication informing me of the rejection is all that I agree to and any other communications must cease.

In conclusion, if you review my correspondence in my file you can see that my first and foremost goal has been and will be to work with you to secure a resolution. However, if I am unsuccessful, I have every intent on litigating this issue and am quite confident than I will be successful at proving the underlying loans are fundamentally unfair, you have negotiated previously in an unfair and deceptive manner and portions of the agreements will be deemed unconscionable.

To put this nightmare behind me, I am willing to completely settle all of my claims with you on the following terms:

1. I will provide you a deed in lieu of foreclosure on the property.
2. I will deliver possession of the property to you in generally current condition with all appliances and fixtures in their present condition.
    a. Possession will include providing keys to the property, garage openers and keys to the mailbox.
    b. The property will not be cleaned but will be free of excess debris.
3. A full and mutual release of all issues.
4. The exchange of the deed and possession will be given in exchange for the following:
    a. Payment to me in the sum of $15,000.00.
    b. Full deletion of the credit trade-lines to all credit reporting agencies.
        i. Since I am rescinding the above loans and as a matter of law the loans are void, this should be a rather simple issue and with this letter you should immediately remove any trade-line reporting.

This offer is fair as I estimate if you do not, your damages will be much greater. My quick analysis details the following should you foreclose:

| Item | Amount |
| --- | --- |
| Foreclosure costs (approximately) | $5,000.00 |
| 5 months worth of payments (approx) | $12,150.00 |
| Late charges | $450.00 |
| Total: | $17,600.00 |

More important, if I should file suit against CitiMortgage (or whoever the true lender is), you will have to hire counsel to defend the suit and that is estimated to be on the low side $10,000.00 but if we should take the matter all the way to trial you could easily expect $75,000.00 and take the risk of losing given the current climate. Considering the Right to Cancel defect and when reviewing this in its entirety, you can see that my offer for settlement is fair.

Please mail or deliver copies of all documents requested in this letter to:

        Law Offices of Duane L. Tucker
        c/o Mortgage Litigation Consultants
        9245 Laguna Springs Drive, Suite 200
        Elk Grove, CA 95758

In addition to the above, I expect that someone will give me a call by August 25, 2008 to discuss acceptance of the offer or at least respond

in writing to the settlement offer. Of course, the Qualified Written Requests must be acknowledged within 20 days and completely responded to within 60 days. However, if I have not heard from you by August 25, 2008, I will assume that the offer to settle is completely rejected and will move to resolve this matter through litigation.

Sincerely,


Carl T. Ranes