UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CARL T. RAMOS,

        Plaintiff,

   v.

CITIMORTGAGE, INC.,

        Defendant.
_____/

NO. CIV. 08-02250 WBS KJM

MEMORANDUM AND ORDER RE: MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

----oo0oo----

Plaintiff Carl T. Ramos brought this lawsuit against Citimortgage Inc. alleging violations of federal and state law relating to a loan he obtained from a third party. Defendant now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement pursuant to Federal Rule Civil of Procedure 12(e).

I.   <u>Factual and Procedural Background</u>

On September 15, 2005, plaintiff obtained a loan from Beneficial California Inc. ("Beneficial") in the amount of

1

1  $270,762.90 that was secured by his residence in North Highlands,
2  California.  (Compl. ¶¶ 9, 12.)  After consummating the loan,
3  Beneficial allegedly failed to provide plaintiff with certain
4  forms required by the Truth in Lending Act ("TILA"), 15 U.S.C. §
5  1635(a), informing him of his right to rescind the loan.  (Id. ¶
6  26.)

7       Subsequently, defendant purchased plaintiff's loan from
8  Beneficial.  (Id. ¶ 69.)  Defendant then proceeded to report
9  incorrect information about plaintiff to several credit reporting
10 agencies.  (Id. ¶ 62.)  Plaintiff notified defendant that the
11 information was incorrect, and defendant acknowledged the errors
12 in a July 29, 2006 letter and stated that it would correct them.
13 (Id.)  However, plaintiff alleges that defendant continues to
14 report false information to these agencies.  (Id. ¶ 63.)

15      In August and September 2006, plaintiff negotiated with
16 defendant regarding a modification of his loan to remove a
17 prepayment penalty.  (Id. ¶¶ 71-72.)  Defendant allegedly
18 represented that it would remove the prepayment provision, but
19 the parties' subsequent Loan Modification Agreement effectively
20 retained the penalty.  (Id. ¶¶ 72-77, 91-92; id. Ex. I at 4.)  As
21 a result, when plaintiff sought a "payoff quote" in December
22 2006, defendant informed him that he would be subject to a
23 prepayment penalty of $8656.50.  (Id. Ex. J.)

24      After entering into the Loan Modification Agreement,
25 plaintiff alleges that defendant may have sold the loan to
26 another party and become the servicer of the loan.  (Id. ¶ 69.)
27 Alternatively, plaintiff alleges that defendant may still own the
28 loan as an assignee.  (See id. ¶¶ 33, 67, 85-87.)

2

As a loan servicer, defendant allegedly acted as a debt collector for the loan's new owner. (Id. ¶ 42.)  In a letter plaintiff sent to defendant dated August 11, 2008, plaintiff stated, "[W]e are asserting our rights under . . . the Fair Debt Collection Practices Act in that we are advising you that we have no intent on paying on the debt any further and we wish that all communications cease." (Id. ¶ 46.)  Despite this notification, plaintiff alleges that defendant "repeatedly called plaintiff attempting to collect the debt." (Id. ¶ 47.)

In the August 11, 2008 letter, plaintiff also expressed his belief that defendant was no longer the "true note holder" and demanded information pertaining to the note holder's identity in the form of a Qualified Written Request pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617. (Id. ¶¶ 21, 33.)  He also asserted his right to rescind the loan agreement pursuant to TILA, 15 U.S.C. § 1635(b), in light of Beneficial's failure to provide him with the requisite notice of his right to rescind the loan. (Id. ¶¶ 34-38.)  Defendant did not comply with plaintiff's Qualified Written Request or his demand for rescission. (Id. ¶¶ 32, 38.)

Plaintiff filed his Complaint on September 24, 2008, alleging fraud, fraudulent concealment, breach of contract, unconscionability, breach of the implied covenant of good faith and fair dealing, and violations of TILA, 15 U.S.C. §§ 1601-1667f; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692a-1692p; the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788.1-1788.33; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a-1681x; and

3

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17509. Presently before the court are defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

II. Discussion

    A. Legal Standard

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Conley v. Gibson, 355 U.S. 41, 47 (1957) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"), abrogated on other grounds by Twombly, 127 S. Ct. at 1968.

In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and if their authenticity is not disputed. See Branch v. Tunnell, 14

4

F.3d 449, 454 (9th Cir. 1994), <u>overruled on other grounds by</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119 (9th Cir. 2002).  Here, plaintiff has provided the court with his Loan Summary and Loan Repayment and Security Agreement (Compl. Ex. C); his Loan Modification Agreement (<u>id.</u> Ex. I); an August 31, 2006 letter from defendant (<u>id.</u> Ex. H); and defendant's response to his request for a "payoff quote" (<u>id.</u> Ex. J).  Plaintiff has alleged the existence of these documents in his Complaint (<u>id.</u> ¶¶ 69, 72-74), and no party has questioned their authenticity. Accordingly, the court will consider these documents in deciding defendant's motion to dismiss.

    B.   <u>TILA Claims</u>

        1.   <u>Timeliness of Rescission Claim</u>

In a consumer credit transaction where the creditor acquires a security interest in the borrower's principal dwelling, TILA provides the borrower with "a three-day cooling-off period within which [he or she] may, for any reason or for no reason, rescind" the transaction.  <u>McKenna v. First</u> <u>Horizon Home Loan Corp.</u>, 475 F.3d 418, 421 (1st Cir. 2007) (citing 15 U.S.C. § 1635).  A creditor must "clearly and conspicuously disclose" this right to the borrower along with "appropriate forms for the [borrower] to exercise his right to rescind."  15 U.S.C. 1635(a).

If a creditor fails to provide the borrower with the required notice of the right to rescind, the borrower has three years from the date of consummation to rescind the transaction. <u>Id.</u> § 1635(f); 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind

5

shall expire 3 years after consummation."). The borrower's right to rescind, moreover, applies equally against the original creditor and subsequent assignees. 15 U.S.C. § 1641(c); see Boles v. Merscorp, Inc., No. 08-1989, 2008 WL 5225866, at *3 (C.D. Cal. Dec. 12, 2008) ("Where the loan has been assigned, the borrower still maintains the right to 'rescind against an assignee to the full extent it would be able to rescind against the original creditor.'" (quoting Rowland v. Novus Fin. Corp., 949 F. Supp. 1447, 1458 (D. Haw. 1996))).[1]

To exercise the right to rescind, a borrower must "notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. § 226.23(a)(2). Notice is deemed effective "when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business." Id. If a creditor then refuses to cancel the loan, the borrower has one year from the refusal to file suit for damages pursuant to 15 U.S.C. § 1640. Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002) (citing 15 U.S.C. § 1640(e)). However, if the borrower files his or her suit over three years from the date of a loan's consummation, a court is powerless to grant

---

[1] Citimortgage argues that Beneficial, as the assignor of plaintiff's loan, is the party against which plaintiff's claims should have been brought. In turn, counsel for plaintiff suggests that he might seek to amend the Complaint in order to allege some of his claims against Beneficial. In this Order, however, the court has examined the sufficiency of the Complaint solely with respect to its allegations against defendant Citimortgage Inc. Accordingly, any claim surviving the instant motion is sufficient as to Citimortgage Inc. and is not contingent upon the prospect of plaintiff adding Beneficial as a party.

rescission.  Id. at 1164 ("[S]ection 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction. (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986)); accord Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."); see also Cazares v. Household Fin. Corp., 2005 U.S. Dist. LEXIS 39222, at *24-25 (C.D. Cal. 2005) (concluding that "[i]f certain Plaintiffs did exercise their rights to rescind[] prior to the expiration of the three-year limitation period," such facts "would only entitle Plaintiffs to damages, not rescission" (citing 15 U.S.C. § 1640(a); Belini v. Wash. Mut. Bank, FA, 412 F.3d 17 (1st Cir. 2005))).

    Here, plaintiff alleges that Beneficial did not provide him with the required notice of his right to rescind.  (Compl. ¶ 34).  Therefore, plaintiff had three years from the consummation of his loan to seek rescission.  15 U.S.C. § 1635(f).  Plaintiff further alleges that he notified defendant by mail that he was exercising his right to rescind on August 11, 2008, which is less than three years from the date of consummation, September 15, 2005. (Compl. ¶¶ 9, 34-38.)  Upon defendant's refusal to rescind the loan, plaintiff subsequently filed this action on September 24, 2008.  (Docket No. 1.)

    As alleged, plaintiff provided defendant with a valid notice of rescission within the requisite time period under 15 U.S.C. § 1635(f), and defendant refused to comply.  Therefore, plaintiff's Complaint states a claim for damages pursuant to 15

U.S.C. § 1640.  See Buick v. World Sav. Bank, No. 07-1447, 2008 WL 2413172, at *5 (E.D. Cal. June 12, 2008) (citing Belini v. Wash. Mut. Bank, FA, 412 F.3d 17, 25 (1st Cir. 2005)).  However, because plaintiff filed his Complaint over three years from the date on which he consummated his loan, the court is without jurisdiction to consider his claim for rescission under TILA.  Miguel, 309 F.3d at 1164.  Accordingly, the court must grant defendant's motion to dismiss with respect to this claim.

    2. Failure to Disclose the "True Note Holder"

    Defendant contends that the Loan Modification Agreement attached to the Complaint demonstrates that it is an assignee of plaintiff's loan, not a loan servicer, and therefore it cannot be liable under 15 U.S.C. § 1641(f).  See 15 U.S.C. § 1641(f)(2) ("Upon written request by the [borrower], the servicer shall provide the [borrower], to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.").

    In the Complaint, however, plaintiff alternatively alleges that, subsequent to the Loan Modification Agreement, defendant "resold [the loan] to parties unknown and now services it."  (Compl. ¶ 69.)  Thereafter, defendant allegedly failed to comply with plaintiff's Qualified Written Request for the identity of the "true note holder."  (Id. ¶ 32.)  Under Federal Rule of Civil Procedure 8(d), alternative allegations are permitted, and the attached Loan Modification Agreement is not inconsistent with plaintiff's allegations under 15 U.S.C. § 1641(f).  Accordingly, the court must deny defendant's motion to dismiss with respect to this aspect of plaintiff's TILA claim.

8

C.  FDCPA and RFDCPA Claims

The FDCPA provides, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . ." 15 U.S.C. § 1692c(c). Plaintiff alleges that defendant received a letter from plaintiff dated August 11, 2008, which stated, "[W]e are asserting our rights under . . . the Fair Debt Collection Practices Act in that we are advising you that we have no intent on paying on the debt any further and we wish that all communications cease." (Compl. ¶ 46.) Subsequently, plaintiff alleges that defendant "repeatedly called . . . attempting to collect the debt." (Id. ¶ 47.)

Under the liberal pleading requirements of Federal Rule of Civil Procedure 8(a), plaintiff's allegations are sufficient to state a claim under the FDCPA. In addition, since a violation of 15 U.S.C. § 1692c(c) constitutes a violation of the RFDCPA, see Cal. Civ. Code § 1788.17, plaintiff's allegations also state a claim under the RFDCPA. Accordingly, the court must deny defendant's motion to dismiss with respect to plaintiff's FDCPA and RFDCPA claims.

D.  FCRA Claim

The FCRA provides that "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if . . . the person has been notified by the consumer . . . that specific information is inaccurate" and "the information is, in fact, inaccurate." 15 U.S.C. § 1681s-2. Plaintiff

9

alleges that defendant reported incorrect information to several credit reporting agencies, and that after he notified defendant of the errors, defendant sent him a letter stating that the errors had been corrected. (Compl. ¶¶ 60-62.) Plaintiff alleges, however, that defendant continues to report inaccurate information to these agencies. (Id. ¶ 63.)

Although defendant contends that it has "made any necessary and applicable corrections" with the major credit reporting agencies (Mot. to Dismiss 8-9), the court must "accept factual allegations in the complaint as true" when ruling on a motion to dismiss. Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). Accordingly, since plaintiff's allegations otherwise comply with Federal Rule of Civil Procedure 8(a), the court must deny defendant's motion to dismiss with respect to plaintiff's FCRA claim.

E. Fraud Claims

To state a claim of fraud under California law, a plaintiff must allege (1) a misrepresentation (false representation, concealment, or non-disclosure), (2) knowledge of falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damages. Small v. Fritz Companies, Inc., 30 Cal. 4th 167, 173 (2003); accord In re Napster, Inc. Copyright Litig., 479 F.3d 1078, 1096 (9th Cir. 2007).

Plaintiff alleges that defendant knowingly failed to disclose the identity of the note holder in response to his Qualified Written Request under RESPA. (Compl. ¶ 54.) As alleged, plaintiff was aware of defendant's non-disclosure, and there is no allegation that plaintiff relied on it to his

10

detriment.  (Id. ¶¶ 21, 24.)  Indeed, the only damages plaintiff alleges with respect to defendant's non-disclosure is the need "to file this litigation at great expense and engage in discovery to obtain the information."  (Id. ¶ 54.)  Accordingly, the court must grant defendant's motion to dismiss with respect to plaintiff's first claim of fraudulent concealment.

Plaintiff also alleges that, in an August 31, 2006 letter, defendant knowingly misrepresented that it would remove a prepayment penalty from his loan through a loan modification. (Id. ¶¶ 70-74, 90-91.)  A subsequent Loan Modification Agreement drafted by defendant provided for the "Borrower's Right to Prepay," but the terms of this provision effectively retained the prepayment penalty of the original loan.  (See id. Ex. I at 4 ("Borrower has the right to make payments of principal at any time before they are due.  A payment of principal only is known as a 'prepayment.'  When Borrower makes a prepayment, Borrower . . . will pay to Lender any prepayment penalty or fee provided in the Note or Security Instrument, if any.").)  Now plaintiff has "lost the opportunity to refinance his loan and has been forced to pay [defendant] at a much higher rate of interest."  (Id. ¶ 75.)

In its motion to dismiss, defendant contends that this fraud claim fails to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  A plaintiff satisfies Rule 9(b) if his or her allegations are "specific enough to give defendants notice of the particular

11

misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993) (quoting Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

Here, plaintiff identifies the communication alleged to be fraudulent, the date of the communication, the identity of the speaker, and the manner in which the communication constituted a misrepresentation. (See Compl. ¶ 71; id. Exs. H, I.) These allegations are sufficient to satisfy Rule 9(b). See Neubronner, 6 F.3d at 671-72 ("A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (quoting Gottreich v. S.F. Inv. Corp., 552 F.2d 866, 866 (9th Cir. 1977)) (internal quotation marks omitted)). Accordingly, the court will deny defendant's motion to dismiss with respect to plaintiff's second fraud claim.

F.   UCL Claim

The UCL prohibits "any unlawful, unfair or fraudulent" business practice. Cal. Bus. & Prof. Code § 17200. The statute "encompasses anything that can properly be called a business practice which at the same time is forbidden by law." Leonel v. Am. Airlines, Inc., 400 F.3d 702, 714 (9th Cir. 2005) (citing Cal. Bus. & Prof. Code § 17200). Thus, the UCL "permits violations of other laws to be treated as unfair competition that is independently actionable." Id. (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)). Since plaintiff's Complaint sufficiently alleges a claim of fraud, violations of TILA, and

12

violations of the FDCPA, RFDCPA, and FCRA, it also states a claim under the UCL.  Accordingly, the court will deny defendant's motion to dismiss with respect to plaintiff's UCL claim.

   G. <u>Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

   Plaintiff alleges that defendant breached the loan contract by enforcing the prepayment provision.  (Compl. ¶ 85.) As plaintiff alleges, however, his original loan with Beneficial had a prepayment provision, and the terms of his subsequent modification with defendant did not remove it.  (<u>Id.</u> ¶¶ 70-73, 77, 84, 86, 90-91, 104; <u>see</u> <u>id.</u> Ex. C at 2, 4; <u>id.</u> Ex. I at 4.) Therefore, defendant's alleged enforcement of a contract term, without more, cannot constitute a breach of contract.  <u>See, e.g.</u>, <u>Borel Bank & Trust Co. v. Aubain</u>, No. 95-20538, 1995 WL 743724, at *3 (N.D. Cal. Nov. 30, 1995) ("[Plaintiffs] cannot maintain an action for breach of contract without alleging that [defendant], in some manner, violated the terms of the note.").  Accordingly, the court must grant defendant's motion to dismiss with respect to plaintiff's breach of contract claim.

   Plaintiff also alleges that defendant's adherence to the prepayment provision breached the implied covenant of good faith and fair dealing.  "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."  <u>Marsu, B.V. v. Walt Disney Co.</u>, 185 F.3d 932, 937 (9th Cir. 1999) (quoting <u>Carma Developers, Inc. v. Marathon Dev. Cal., Inc.</u>, 2 Cal. 4th 342, 371 (1992)).  "A typical formulation of the burden imposed by the implied covenant of good faith and fair dealing is 'that neither party will do anything which will

13

injure the right of the other to receive the benefits of the agreement.'" <u>Andrews v. Mobile Aire Estates</u>, 125 Cal. App. 4th 578, 589 (2005) (quoting <u>Gruenberg v. Aetna Ins. Co.</u>, 9 Cal.3d 566, 573 (1973)).

Although adherence to the terms of a contract does not insulate a party against a claim of breach of the implied covenant of good faith and fair dealing, <u>Marsu</u>, 185 F.3d at 937, compliance with a contractual term cannot serve as the very basis for such a claim, <u>see</u> <u>Carma Developers, Inc.</u>, 2 Cal. 4th at 373 ("It is universally recognized [that] the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract."); <u>see also</u> <u>Gerdlund v. Elec. Dispensers Int'l</u>, 190 Cal. App. 3d 263, 277 (1987) ("There cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results." (quoting <u>Shapiro v. Wells Fargo Realty Advisors</u>, 152 Cal. App. 3d 467, 482 (1984))). Accordingly, since defendant's adherence to the contract cannot itself constitute bad faith, the court will grant defendant's motion to dismiss with respect to plaintiff's claim of breach of the implied covenant of good faith and fair dealing.

H. <u>Unconscionability</u>

When a contract is alleged to be unconscionable, "the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination." Cal. Civ. Code § 1670.5. Section 1670.5 of the California Civil Code reflects "legislative recognition that a claim of unconscionability often cannot be

14

determined merely by examining the face of the contract, but will require inquiry into its setting, purpose, and effect." Comb v. PayPal, Inc., 218 F. Supp. 2d 1165, 1174 (N.D. Cal. 2002) (quoting Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1536 (1997)).  Accordingly, consideration of plaintiff's claim that his loan is unconscionable is premature at this stage in the litigation, and the court must deny defendant's motion to dismiss with respect this aspect of the Complaint.  See Cazares v. Pac. Shore Funding, No. 04-2548, 2006 WL 149106, at *6 n.4 (C.D. Cal. Jan. 3, 2006) ("A determination of whether a contract is unconscionable requires a consideration of facts that are beyond the scope of a motion to dismiss.  For this reason alone, [defendants] cannot obtain a dismissal.").

I.   Attorney's Fees

Defendant contends that the Complaint provides no legal basis for the recovery of attorney's fees.  Since the FDCPA and RFDCPA expressly provide for the recovery of attorney's fees, defendant's argument is without merit.  See 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c).

J.   Motion for a More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. Pro. 12(e).  As to plaintiff's remaining claims, the allegations in the Complaint are sufficient to allow defendant to ascertain their nature.  Accordingly, the court will deny defendant's motion for a more definite statement.  See Advanced Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.,

No. 04-02266, 2004 WL 2075445, at *12 (N.D. Cal. Sept. 15, 2004) ("Motions for more definite statement are proper only where a complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted."); see also Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.  Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted.").

     IT IS THEREFORE ORDERED that defendant's motion to dismiss plaintiff's Complaint be, and the same hereby is, GRANTED with respect to plaintiff's claim under TILA for rescission and his claims of fraudulent concealment, breach of contract, and breach of the implied covenant of good faith and fair dealing; and DENIED with respect to all other claims; and

     IT IS FURTHER ORDERED that defendant's motion for a more definite statement be, and the same hereby is, DENIED.

     Plaintiff has thirty days from the date of this Order to file an amended complaint, if he can do so consistent with this Order.

DATED: January 7, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE